## FELLMAN v. ROYAL INS. CO. †

(Circuit Court of Appeals, Fifth Circuit. January 24, 1911.)

### No. 2,003.

1. INSURANCE (§ 623*)—POLICY LIMITATIONS—WAIVER.

A policy provision imposing a short limitation on the right to sue thereon is intended for the benefit of the insurers, and, being a harsh condition in derogation of limitations fixed by law, will be regarded as waived, if there is any reasonably sufficient evidence on which to base such finding.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1551; Dec. Dig. § 623.*]

2. INSURANCE (§ 623*)—ACTION ON AWARD—LIMITATIONS—"ACTION ON POLICY."

Where a fire insurance policy provided a short limitation within which an action on the policy might be brought, and the insurer, having admitted liability on an award after loss, tendered the amount fixed by the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

184 F.—37    †For opinion on petition for rehearing, see 185 Fed. 689.

award which was not accepted, such contract limitation did not apply to or affect a subsequent action by insured on the award.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1551; Dec. Dig. § 623.*

Conditions in policy as to time for bringing suit, see notes to Steel v. Phœnix Ins. Co., 2 C. C. A. 473; Rogers v. Home Ins. Co., 35 C. C. A. 404.]

3. APPEAL AND ERROR (§ 1175*).—REVERSAL—DISPOSITION OF CAUSE—JUDGMENT ABSOLUTE.

Where, in an action on an award pursuant to a fire policy, a reversal was required because of an error of the trial court in disposing of a question of law and there was no disputed question of fact in the case, the Court of Appeals would render final judgment, instead of remanding the cause for a new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–4587; Dec. Dig. § 1175.*]

Shelby, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

Action by Mrs. Anna Fellman against the Royal Insurance Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Edgar H. Farrar, Abraham Goldberg, J. Blanc Monroe, and Harry H. Hall, for plaintiff in error.

Donelson Caffery, Lamar C. Quintero, and Philip S. Gidiere, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

McCORMICK, Circuit Judge. In the year 1900 the plaintiff in error was the owner of a building in New Orleans of the rental value of $700 a month. On the 13th day of July, 1900, the Lancashire Insurance Company issued to her a policy of insurance for the sum of $8,400, 12 months rent, to protect her from loss of rent in the event that the building should be rendered untenantable by fire so as to cause an actual loss of rent. On the 21st of August of that year the Royal Insurance Company issued its policy to insure her for the term of one year from the 22d of August, 1900, against all direct loss or damage by fire to an amount not exceeding $15,000 on the same building, and on the 27th of September, 1900, the London & Lancashire Fire Insurance Company issued its policy to insure her for the term of one year from the 30th of September against loss or damage by fire on this building to an amount not exceeding $5,000. On March 25, 1901, the building was destroyed almost totally by fire. Due notice was given by the insured and proof of loss delivered to the companies, and the only question touching their liability for the same related to the amount of the loss occasioned by the fire. As to this, the insured and the representatives of the insurance companies could not agree, and in accordance with the terms of each policy appraisers and an umpire were appointed, who made their award August 1, 1901. This award was not satisfactory to the assured, especially in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

reference to the loss on the building. It was satisfactory to the insurers, who, through their duly authorized representatives, admitted their liability for the amounts awarded, and on August 14, 1901, duly tendered the amount to the counsel for the insured. The tender was not accepted, and on January 16, 1902, the plaintiff in error filed her bills in the Circuit Court for the Eastern District of Louisiana against the Royal Insurance Company and the London & Lancashire Insurance Company to correct the award of the appraisers as to the amount of their liability. The subject-matter of these suits being identical and the parties substantially so, the suits were, for the purposes of the hearing, treated as one. The same special master was appointed to act in each, and the cases were fully heard by him. On March 21, 1906, he made an exhaustive report announcing his conclusions of law and fact, accompanied by a full statement of the evidence. His report and the exceptions thereto came on to be heard before the judge resulting in a decree, passed December 15, 1906, enlarging the amount of the award as to the damage on the building. From this decree the insurers appealed to this court. The decree was affirmed.

The plaintiff in error having brought this suit, her pleading in this case avers substantially: That she had a policy in the Lancashire Company for $8,400, covering rents on property described; that the property was rented for $700 per month, and was destroyed by fire on the 25th of March, 1901, while the policy was in force; that the defendant company called for appraisement under the terms of the policy, and accordingly an appraisement and award was duly had and made; that this appraisement and award covered not only the loss on the policy sued on in respect to the rents, but also the amount due for loss on the building accruing under other policies in other companies; that the award of the arbitrators and umpire fixed the rent loss at 100 days; that plaintiff filed a bill in equity in this court against each of the other companies, parties to the award, to set aside the same in so far as it affects and fixes the amount on the building; that the Lancashire Company was not a party to those suits, and that the plaintiff is willing to accept the award on the rents; that since the loss of her building by fire, as herein described, and the award by the appraisers, the Lancashire Insurance Company has been bought out and succeeded by the Royal Insurance Company and the Royal Insurance Company has become liable for this award; that she had made due demand upon the insurance companies to pay the amount of rent awarded by the appraisers, but without avail. She made a part of her petition as exhibits the policy, the agreement to submit to award, and the award.

The pleading of the defendant in error (defendant below) we give in full:

"And now into court comes the defendant company by and through its undersigned counsel, and before answering to the merits of this cause, and specially reserving its rights so to do, does now except to the petition of plaintiff, for that, by the terms of the policy described in plaintiff's petition, the plaintiff stipulated and agreed and bound herself that: 'No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the assured with all the foregoing requirements, nor unless commenced within twelve months next after

the fire.' And the plaintiff's petition shows that the property claimed to be insured and injured by the fire or the casualty, which was insured against, happened on the 25th of March, 1901, and plaintiff's petition in this suit was filed in this court on the 18th day of June, 1906, more than three years after the plaintiff's right of action by her contract was lost or had ceased to exist.

"Further excepting, the defendant shows that, if the plaintiff claimed by virtue of an award made by appraisers, the plaintiff is estopped from making or setting up any such claim, because she has repudiated this award before this court, and has refused to stand thereon and does not abide by the same.

"Wherefore, respondent prays that this exception be maintained, and that plaintiff's suit be dismissed at her cost."

There was no substantial dispute about the actual facts involved in the dealing of the parties as set out in the plaintiff's petition. The appraisement and award were duly had and made as alleged, and on the 14th day of August, 1901, the proper representatives of the several insurance companies made to the counsel of the plaintiff a tender of what they claimed as due under the policies held by the plaintiff in all three of the companies covering the loss of the building and the loss of the rents. The amount of the tender for the rent being the sum of $2,311.12, such companies claiming that the amount tendered was the amount due as per the report of the appraisers and umpire. The counsel for plaintiff declined to receive the amount tendered, but agreed with the parties making the tender, although made by draft, that it should be considered as if made in lawful money of the United States with all due form of law.

The cause came on for hearing before the judge May 31, 1907, and was argued by counsel for the respective parties and submitted, and the court took time to consider, and, after due consideration on January 3, 1908, the court ordered, adjudged, and decreed that the plea of defendant the Royal Insurance Company, of Liverpool, England, filed herein be sustained, and that the demand of the plaintiff, Mrs. Anna Dreyfous, widow of the late Bernard Fellman, be rejected and her suit be dismissed, with costs. The plaintiff in error (plaintiff below) made her motion for a new trial, which was overruled, whereupon she sued out a writ of error, and duly assigned:

"That the court erred as a matter of law on the face of the record in sustaining defendant's plea that the suit was barred by that clause in the policy requiring the assured to bring an action on the policy within twelve months next after the fire, because the following facts were agreed to by the parties:

"(a) That it was agreed by the parties that while Exhibit C, known as 'agreement for submission to appraisement and award,' does not by its terms include the policy herein sued on, yet it was verbally agreed between the parties to this case that the appraisers and the umpire should consider and pass on the time necessary to rebuild, and that their finding should fix the number of days necessary to rebuild the buildings, to be used in fixing the amount of loss under the policy sued on in this case, and the award shows that such a finding was made.

"(b) That on the 14th day of August, 1901, after the said award was made, the defendant company made to the counsel of the plaintiff a tender of the sum of $2,311.12, the amount claimed by it to be due by the defendant under the award aforesaid as loss under the policy sued on in this case for insurance on the rents of the property, which tender the said counsel refused. There is no proof or suggestion that this tender was ever withdrawn.

"The court erred as a matter of law on the face of the record in sustaining the defendant's plea of estoppel from claiming under the award of the ap-

praisers on the ground that she had repudiated said award by filing a bill in this court to set the same aside, when it appears by the records of the suits aforesaid, Nos. 12,990 and 12,991 of the docket of the court, styled Mrs. Anna Fellman v. Royal Ins. Co., and Same v. London & Lancashire Ins. Co., and by virtue of the agreement aforesaid as to effect of said award in determining the amount due on the policy sued on in this case, that the said suits did not in any respect attack the said award in regard to the findings thereof, which fix the amount due under the policy sued on in this case, but that the said suits attacked the said award for errors committed therein against plaintiff in matters touching her rights under other policies not in any respect in issue in this case."

We think both these assignments well taken. The averments of the petition and of the plea show that the plaintiff's action is not an action on the policy within the true meaning of the provision pleaded by the defendant, but an action on the award made under the policy. The defendant having admitted liability on the award, and made a tender to plaintiff of the amount due as fixed by the award, there is no room for the application of the limitation pleaded. So far as the claim for insurance is disputed, and may be a subject of litigation between the parties, the insurers may well provide in their contracts that the action shall be speedily brought so that the extent of their liability may be settled while the facts are recent and the witnesses by whom they are to be proved are readily accessible, but there is no such reason for the limitation of the time within which a suit shall be brought when it is sought to recover only the amount under the policy which has been ascertained and admitted to be justly due by the insurers. Such conditions in the policy, like all others intended for the benefit of the insurers, may be waived by them, and as the condition is a harsh one, and in derogation of the limitation of actions fixed by law, in its bearing on the insured, and works a forfeiture when upheld, the courts will not require very stringent evidence in order to defeat its application. 2 May on Insurance (4th Ed.) §§ 488, 491, pp. 1154, 1160; Thompson v. Phenix Insurance Co., 136 U. S. 287, 10 Sup. Ct. 1019, 34 L. Ed. 408; Godchaux v. Merchants' Mutual Insurance Co., 34 La. Ann. 235; Hanover Fire Insurance Co. v. Hatton (Ky.) 55 S. W. 681.

As there is no disputed question of fact in this case and the issue between the parties is purely a question of law, as our statement of the case has attempted to show, while the case must be reversed on account of the error of the trial court in disposing of that question of law, there appears no reason why we should not here render the judgment which the Circuit Court should have rendered. Therefore, the judgment of the Circuit Court is reversed, and this court now renders its judgment that the plaintiff in error recover of the defendant in error the sum of $2,311.12, with legal interest from the 14th day of August, 1901, and costs incurred in this court and in the Circuit Court.

It is ordered that the cause be remanded to the Circuit Court, with direction to it to have entered there the judgment we have entered here, and to enforce the same by proper process.

SHELBY, Circuit Judge (dissenting). I am constrained to dissent from the judgment of the court in this case.

1. Trial by jury was waived by stipulation in writing signed by the attorneys for the parties under Rev. St. § 649 (U. S. Comp. St. 1901, p. 525), and the Circuit Court was requested to find the facts specially. No finding of facts, either general or special, appears in the record. In this respect the case is exactly like Lloyd v. McWilliams, 137 U. S. 576, 11 Sup. Ct. 173, 34 L. Ed. 788, which was disposed of by unanimous decision in ten lines, as follows:

"In this cause trial by jury was waived by agreement of the parties in writing, duly filed, and the case was tried by the court. But the record discloses no finding upon the facts, either general or special, in accordance with the statute (Rev. St. §§ 649, 700), and no questions are therefore open to our revision as an appellate tribunal.

"As the Circuit Court had jurisdiction of the subject-matter and the parties, its judgment must be presumed to be right, and on that ground affirmed."

There is no agreement in the record to take the place of a finding of facts by the judge. There is printed in the record "an additional statement of fact," which possibly was placed before the judge in connection with the other evidence, though the record does not show that it was. This statement is entirely insufficient to take the place of a finding of facts by the Circuit Court. Raimond v. Terrebonne Parish, 132 U. S. 192, 194, 10 Sup. Ct. 57, 33 L. Ed. 309; Glenn v. Fant, 134 U. S. 398, 10 Sup. Ct. 583, 33 L. Ed. 969.

2. "After hearing evidence" the case was held under advisement, and later the court entered the following judgment, which we are asked to reverse:

"This cause came on at a former day to be heard upon the plea of prescription herein filed by the defendant, the Royal Insurance Company, on November 27, 1906, and a written stipulation having been filed waiving trial by jury, and counsel for the respective parties having offered evidence as per note of evidence on file, the cause was thereupon argued and submitted. Whereupon, after due consideration thereof, it is now ordered, adjudged, and decreed that the plea of the defendant the Royal Insurance Company of Liverpool, England, filed herein be sustained, and that the demand of the plaintiff, Mrs. Anna Dreyfous, widow of the late Bernard Fellman, be rejected, and that this suit be dismissed, with costs."

There is no bill of exceptions in the record, and its absence raises a question of federal appellate procedure, and not one of Louisiana practice. 1 Ency. U. S. S. C. Reports, p. 394. There is nothing whatever, except a motion for a new trial and an assignment of errors, to show that either one of the parties ever objected to the judgment or excepted to any ruling of the judge. This is a writ of error from a judgment at law rendered on an issue of fact. There is a presumption in favor of the correctness of the decision below, and that the evidence sustained the judgment. Without a bill of exceptions the correctness of the judge's decision cannot be reviewed. Rev. St. § 700 (U. S. Comp. St. 1901, p. 570); Preston v. Prather, 137 U. S. 604, 11 Sup. Ct. 162, 34 L. Ed. 788.

In Moller v. United States, 57 Fed. 490, 495, 6 C. C. A. 459, 464, this court, held by Pardee and McCormick, Circuit Judges, and Locke,

District Judge, cited many of the decisions of the Supreme Court on this subject, and said:

"We suggest to the members of the bar in this circuit that an examination of these last-cited cases will be advantageous, if, hereafter, in common-law cases, they shall desire to bring facts to this court for review."

It is difficult to understand why this court should depart from these rules, unless it is because the learned attorneys for the defendant in error argue the case only on the merits. But the absence of a bill of exceptions cannot be waived.

Malony v. Adsit, 175 U. S. 281, 286, 20 Sup. Ct. 115, 117, 44 L. Ed. 163, contains a careful review of a great many cases that show the absolute necessity for a bill of exceptions to review the decision of the lower court on writ of error when the decision relates to a matter upon which evidence was received, and that the omission to take a proper bill of exceptions cannot be waived by parties or counsel. The court said:

"The rationale of these cases evidently was that the Court of Errors could not consider a bill of exceptions that had not been signed by the judge who tried the case, and that such failure or omission could not be supplied by agreement of the parties, but that the only remedy was to be found in a motion for a new trial."

And later, in the same case, this view is emphasized:

"We are referred to no decision of this court on the precise question whether counsel can stipulate the correctness of a bill of exceptions not signed by the trial judge. But we think that on principle this cannot be done, and we regard the cases just cited as sound statements of the law." Page 288 of 175 U. S., page 118 of 20 Sup. Ct. (44 L. Ed. 163).

In Mussina v. Cavazos, 6 Wall. 355, 363, 18 L. Ed. 810, there is a very interesting note which shows that the case was "elaborately" argued on its merits, and that afterwards, "it being discovered by the court that the bill of exceptions had not been either signed or sealed by the judge below," the court said:

"Whatever might be our opinion of the exceptions which appear in the record, if they were presented in such a way that we could consider them, we find them beyond our reach. The bill of exceptions, or what purports to be a bill of exceptions, covering more than 350 pages of the printed record, is neither signed nor sealed by the judge who tried the case; and there is nothing which shows that it was submitted to him or in any way received his sanction. We are therefore constrained to affirm the judgment, and it is affirmed accordingly."

In my opinion the record shows clearly that the Circuit Court has decided a question of fact on the written waiver of jury trial, and for the reasons that there is no finding of facts by the Circuit Court and no bill of exceptions this court is without jurisdiction to reverse the judgment. 2 Foster's Fed. Prac. (3d Ed.) § 374, p. 873, and cases there cited.

The judgment of the Circuit Court in my opinion should be affirmed.