REID, Judge.
Plaintiff filed this suit against Clyde August Heine for the balance on a $10,-000.00 mortgage note dated July 16, 1963 payable in monthly installments of $125.00 each beginning on the 20th day of July, 1963 on which there was a balance due on the principal amount of $9,113.89, with interest credited to August 27, 1964. They asked for recognition of their mortgage and privilege on certain property originally sold by the plaintiff to said Heine, plus 10% attorneys fees.
They also in the same petition sued Maryland Casualty Company, a Maryland insurance corporation for $6000.00 due on a certain insurance policy No. 80-286734 issued by Maryland Casualty Company on the improvements on the real estate covered by the said mortgage against loss by fire, on which there was a mortgagee loss payable clause that the loss, if any, on the building would be payable to mortgagee, Mrs. Muse.
They further allege that the building was completely destroyed by fire on September 2, 1963 and that said Heine gave the insurance company due notice of the destruction of said improvements. The petition further alleges that said Heine on or about September 9, 1963 rendered to said insurance company a proof of said loss by fire.
Defendant Heine filed no answer and judgment was rendered by default against him for the balance due on the note plus interest and attorneys fees and ordered the property sold to pay and satisfy the mortgage.
Defendant, Maryland Casualty Company filed an answer, their first defense being that they admit the issuance of the policy of insurance with limits of $6000.00 as alleged in the petition. They further admit that there was a loss payable clause in favor of Mrs. H. D. Muse, the plaintiff. They further allege that on or about September 2, 1963 the improvements were destroyed by fire and a proof of loss was duly submitted by the insured and with the knowledge of the mortgagee on or about September 9, 1963 and that the sum of $6000.00 was paid to the insured on September 9, 1963 and no other action has been instituted or filed since that date. They further allege that under the provisions of the policy no suit would be sustained unless all the requirements of the policy had been complied with and unless suit had commenced within twelve months after the proof of the loss. This suit was not instituted until March 23, 1965 or more than 18 months after the fire and that this exception should be sustained. As a second defense they admit the execution of the policy and that the house was destroyed by fire, denying liability, and then assumed the position of third party plaintiff asking for judgment against Heine to whom they had inadvertently paid the sum of $6000.00. They pray that the exception be maintained and in the alternative that the plaintiff’s *42 demand be rejected and in the event that Maryland Casualty Company is cast for any sums that they have judgment as third party plaintiff against defendant Heine.
The Lower Court rendered judgment against Heine on the main demand for the balance due with recognition of the mortgage against the property and ordering it sold to pay the mortgage but rejected the demand of the plaintiff against Maryland Casualty Company and dismissed plaintiff’s suit insofar as the insurance company was concerned.
.. From this judgment plaintiff has brought this appeal.
There was no testimony taken during the trial but the matter was submitted on the general stipulation of the facts, as between plaintiff and defendant, Maryland Casualty Company. These facts admit the execution of a note by Heine and the balance due of $9,113.89 with 7% interest thereon from August 27, 1964 and 10% additional on principal and interest as attorneys fees. They admit that the certified copy of the vendor’s mortgage, the photostat of the note, and the copy of the insurance policy with the mortgagee clause annexed are all correct and further that the proof of loss was submitted by Heine to Maryland Casualty Company on September 9, 1963 and payment made to Heine of $6000.00 on September 9, 1963. It is further admitted that plaintiff had knowledge that fire had destroyed the insured building on or about two weeks or a month after the fire occurred, and had no information that Heine had furnished the proof of loss and been paid $6000.00 by Maryland, and she only learned of this through her attorneys and that she made demand on Maryland through her attorneys on a mortgage clause contract shortly after or in November, 1964. It was further stipulated that the plaintiff paid the Parish and State taxes for the year 1964 in the amount of $22.38.
The only question for this Court to decide is the correctness of the Judge’s decision sustaining the exception and dismissing plaintiff’s suit against the insurance company because it was filed too late.
Plaintiff’s petition does not allege fraud in any manner. The policy contained a loss payable clause in words and figures as follows:
“Loss, if any, under this policy shall be payable to Mrs. H. D. Muse, 6223 Good-wood Avenue, Baton Rouge, Louisiana.”
The proof of loss filed by Heine lists Mrs. Muse as the mortgagee and contains the following clause:
“No other person, or persons, has any interest or encumbrance therein or thereon except Mrs. E. P. Muse.”
The policy itself contains the following clause:
“If the insured fails to render proof of loss, such mortgagee upon notice shall render proof of loss on forms herein specified within 60 days thereafter, and shall be subject to the provisions hereof relating to approval and time of payment and of bringing suit.” (Emphasis ours.)
There is no question but Heine did not wait 60 days to file proof of loss, but filed same within seven days and was paid on the same day. The above clause relating to filing proof of loss states that if the insured fails to render proof of loss, then the mortgagee upon notice shall render proof of loss. The mortgagee did not render any proof of loss and waited some 18 months before she filed suit on the policy.
The policy contains a further provision which is the basis of the defendant insurance company’s exception:
“No suit or action on this policy for the recovery of any claims shall be sustainable in any Court of law or equity unless all the requirements of this policy have been complied with, and unless commenced within twelve months next after inception of the loss.” (Emphasis ours.)
*43 Our Courts have repeatedly upheld the validity of twelve months prescription on suits for fire or windstorm damages as set out in the standard form of insurance policies. An early case and a leading one is Tracy et al. v. Queen City Fire Insurance Co., 132 La. 610, 61 So. 687, which held as follows:
“The policy of fire insurance declared upon by the plaintiffs contains the following stipulations, to-wit:
‘No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire.’
“In Blanks v. Hibernia Insurance Co., 36 La.Ann. 602, the court said:
‘The validity and legality of stipulations in policies of insurance limiting the time within which actions for claims thereunder may be brought have been affirmed by this court and the Supreme Court of the United States. Edson v. Merchants’ Mut. Ins. Co., 35 La.Ann. 353; Riddlesbarger v. Hartford Insurance Co., 7 Wall. 386 (19 L.Ed. 257).
‘It has also been settled by this court that the term “prosecuted,” as here used, means prosecuted by suit. Carraway v. Merchants’ Mut. Insurance Co., 26 La.Ann. 298.
‘Such stipulations are therefore the law which the parties have made for themselves, and by which their rights and obligations must be measured.’
“The stipulation referred to in that case provided ‘that all claims under this policy are barred, unless prosecrxted within one year from date of loss.’
“In the Edson Case, the court, after holding that the stipulation was lawful, said:
‘The question has been exhaustively considered and decided in the same sense by the Supreme Court of the United States, quoting numerous authorities and decisions and disposing of the very points here urged. Riddlesbarger v. Hartford, 7 Wall. 288 [386] (19 L.Ed. 257).”'
This line of law has been upheld by the Court of Appeals, Orleans Parish in Guccione v. New Jersey Insurance Company of Newark, New Jersey, 167 So. 845. These cases hold that the prescriptions insurance policies are not properly a contractual limitation but is one especially prescribed by the law of Louisiana and governed by the rule laid down in RCC Art. 3518 for reference to the interruption of prescription. This maintains the twelve month limitation set out in the standard form of insurance policies adopted by the law of Louisiana.
We have no quarrel with the cases cited by appellant in her brief but do not think that they are applicable to the case at bar. There was one case cited which we believe is applicable to this case and that is Finkelstein v. American Insurance Company of Newark, New Jersey, 222 La. 516, 62 So.2d 820. In this case a hurricane damaged the home of plaintiff on September 17, 1947 and suit was not filed until September 27, 1948. In this case the Court held that the twelve month period did not begin to run until after proof of loss had been filed which must be filed within 60 days and 60 days thereafter in which the insurance company was given to pay the claim.
Taking this case which is the most recent case on this subject and the leading case in our Court and applying it to the facts in this case the plaintiff is definitely barred from claiming any amount from the defendant insurance company. Giving her the 60 days to file proof of loss, and 60 days for the insurance to pay it and adding the twelve months prescriptive period to this give sixteen months in which *44 she could file suit. She did not file suit until eighteen months thereafter and all of her claims are barred by this prescription.
The appellant stresses th'e fact that the plaintiff was not notified either of the filing 'of the proof of loss by the insured or the fact that the claim had been paid. It is admitted that the claim was inadvertently paid to the claimant, and should have been paid to both Heine and the plaintiff, Mrs. Muse. Had Mrs. Muse timely filed her suit she would be entitled to recovery. The law does not require her to file a proof of loss unless the insured Heine failed to file .a proof of loss. In this case it is admitted that proof of loss was timely filed.
_ For these reasons we find that the judgment of the Lower Court is correct and it is therefore affirmed.
Affirmed.