HEARD, Judge.
The First National Bank in Center, Texas filed suit against Charles R. Reglin, a co-maker on a promissory note. The note *253 is dated November 6, 1968 payable to the order of the First National Bank in Center in the sum of $10,061.36 bearing eight per cent (8%) per annum interest from date with ten per cent (10%) as attorneys’ fees. Gene Worthington, the co-maker, was adjudicated a bankrupt subsequent to the date of the note and is not a party to this suit.
Defendant denied the allegations of plaintiff’s petition and alleged that if there was any obligation, it had been extinguished by payment and satisfaction. In his supplemental answer defendant alleged there was a prior note of $15,000 of which the instant note was a renewal; that the prior note had been extinguished by certain payments, and further alleged coercion and fraud in the confection of the instant note.
The plaintiff bank filed a motion for judgment on the pleadings which was overruled and the trial court rendered judgment on the merits.
No merit was found by the trial court to the various allegations made by defendant relating to fraud and duress; however, the court did permit the introduction of evidence surrounding the entire financial relationship between the parties and limited the recovery under the present note sued on by rejecting the sum of $1,500 debited against defendant for attorneys’ fees in connection with default on the old note and two items of $119.76 and $116.00 previously charged against defendant’s account for security of property pledged as collateral.
On Appeal defendant contends that the entire claim of plaintiff should have been rejected and plaintiff has answered asking for an increase to the full amount sued for.
In the trial court plaintiff objected to any evidence of inequities prior to the confection of the instant note, contending that the note was made in Texas, payable in Texas, and that Texas law applied. Under Texas law no consideration is necessary for an instrument or obligation thereon given in payment of or as security for any antecedent obligation of any kind.
It is clearly established by the evidence without serious dispute that all the business transactions relating to this note were made in Texas. The note was con-fected in Texas, was to be paid in Texas, and, since these transactions took place in Texas, we consider that the Texas law is applicable. Trouard v. First National Bank of Lake Charles, La.App., 247 So.2d 607 (3d Cir. 1971) writ refused, 259 La. 77, 249 So.2d 210 (1971). Stevens v. Gaude, 9 La.App., 664, 120 So. 79 (1st Cir. 1928) writ refused.
The courts of this state are directed to take notice of the laws of that state. LSA-C.C.P. Art. 1391.
The provisions of Vernon’s Annotated Texas Statutes, Business and Commerce Code, Chapter 721, Section 3.408, V.T.C.A., relating to this matter, provides:
“Want or failure of consideration is a defense as against any person not having the rights of a holder in due course (Section 3.305), except that no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind . . . ”
The inequities asserted by defendant arose prior to or in connection with the antecedent note and by execution of the new noté, defendant has waived the right to urge these matters. The trial court in its reasons for judgment gave credit to defendant for the sum of $1,500 as attorneys’ fees on the old note and two items of $119.76 and $116.00 charged against defendant’s account for security of property pledged as collateral. These matters transpired prior to the confection of the instant note and should not have been allowed. The contentions of defendant that the instant note was confected under fraud, duress, and coercion has no merit.’ If any fraud, duress and coercion was present as alleged, it was against the comaker, Gene Worthington and not against defendant. The trial court found none was proven, and we agree.
During the course of the trial it was shown that the instant note should have been credited with the sum of $775.20 paid *254 on February 20, 1970 and credited to another note. Plaintiff admits that defendant is due this credit.
Therefore, for the reasons assigned, the judgment is amended granting judgment in favor of plaintiff, First National Bank of Center, Texas, and against defendant, Charles R. Reglin, in the sum of $10,061.-30, together with 8% per annum interest from November 5, 1968 until paid, and 10% attorneys’ fees on the principal and interest subject to a credit in the amount of $775.20 paid February 20, 1970, and as thus amended, the judgment of the trial court is affirmed. Defendant is cast with all costs.