409 So.2d 1262 (1982)
HOWARD GRIFFIN, INC., Plaintiff-Appellant,
v.
PROGRESSIVE CASUALTY INSURANCE COMPANY, Defendant-Appellee.
No. 14744.
Court of Appeal of Louisiana, Second Circuit.
January 25, 1982.
*1263 Rick C. Anzalone, Monroe, for plaintiff-appellant.
Hayes, Harkey, Smith & Cascio, Monroe by Thomas M. Hayes, III, for defendant-appellee.
Before PRICE, HALL and FRED W. JONES, Jr., JJ.
HALL, Judge.
The issue presented by this appeal is whether the loss payee of a collision insurance policy may recover from the insurer the amount of damages to the insured vehicle on which the loss payee held a mortgage where the named insured previously settled with and released third parties who caused the damages from all liability. The trial court dismissed the loss payee's suit and it appealed. We affirm.
The declaration page of the motorcycle policy issued by defendant to the insured names a loss payee and provides that any loss "is payable as interest may appear to named insured and above loss payee." The policy contains no other mortgage clause or loss payee provisions. The loss payee provision in this policy is a simple or open loss payee clause as distinguished from a standard or union mortgage clause. See May v. Market Ins. Co., 387 So.2d 1081 (La.1980). Where the policy contains a simple or open loss payee clause, the contract remains one between the insurer and the insured. The loss payee is but a conditional payee of a part of the proceeds of the policy. The rights of the loss payee are no greater than the rights of the insured and are subject to all of the terms and conditions of the policy. A breach of conditions of the policy by the mortgagor-insured which would prevent recovery by him precludes recovery by the mortgagee-loss payee. Eicher-Woodland Co., Inc. v. Buffalo Ins. Co. of N.Y., 198 La. 38, 3 So.2d 268 (1941); Couch on Insurance, §§ 42:668, 669, 671 (2d ed. 1963).
The policy contains a subrogation clause, conventionally subrogating the insurer to the rights of the insured to recover damages from another, and providing that the insured shall do whatever is necessary to enable the insurer to exercise its subrogation rights and shall do nothing after loss to prejudice those rights. By settling with and releasing the persons responsible for the loss to the insured motorcycle, the insured destroyed the insurer's rights to recover from those persons. It is well settled that where the insured prejudices the insurer's subrogation rights provided under the policy, the insured cannot recover from the insurer. Washington v. Dairyland Insurance *1264 Company, 240 So.2d 562 (La.App. 4th Cir. 1970).
It follows, then, that plaintiff, loss payee under an open or simple loss payee clause, cannot recover from the insurer in this case where the named insured has prejudiced the insurer's subrogation rights and could not himself recover from the insurer.
The judgment of the district court is affirmed at appellant's costs.
Affirmed.