**SEAFIRST COMMERCIAL CORPORATION, Plaintiff-Appellant,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant-Appellee.**

No. 84–3729.

United States Court of Appeals, Fifth Circuit.

Jan. 24, 1986.

Adams & Reese, John M. Duck, New Orleans, La., for plaintiff-appellant.

Bienvenu, Foster, Ryan & O'Bannon, Leonard A. Young, Franklin H. Jones, III, New Orleans, La., for defendant-appellee.

Before BROWN, REAVLEY, and HILL, Circuit Judges.

ROBERT MADDEN HILL, Circuit Judge:

Plaintiff-appellant Seafirst Commercial Corporation (Seafirst) appeals from a summary judgment in favor of defendant-appellee United States Fidelity & Guaranty Company (USF & G) in this Louisiana law diversity case. We affirm.

**I.**

Seafirst was a mortgagee of RTL Corporation and its related companies (collectively RTL) under a chattel mortgage on a crane. The terms of the chattel mortgage required RTL to provide insurance satisfactory to Seafirst and that the insurance policy name Seafirst as a joint loss payee. On January 1, 1982, USF & G issued a policy of insurance to RTL on the crane. The policy contained an endorsement naming Seafirst as a joint loss payee.

On January 11, 1982, an explosion destroyed the crane. RTL, as the named insured, submitted a proof of loss to USF & G. USF & G, without notice to or the consent of Seafirst, approved the claim and issued a draft payable solely to RTL for the amount of the loss. By not issuing the draft jointly in the name of RTL and Seafirst, USF & G breached the loss payable clause of the insurance policy. RTL negotiated the draft and failed to make any payment to Seafirst; RTL filed for bankruptcy protection in December 1983. Seafirst became aware of USF & G's breach of the loss payable clause on November 8, 1982; however, Seafirst did not file the instant lawsuit until March 27, 1984, more than sixteen months after learning of USF & G's error. Seafirst characterized its suit as one for breach of the loss payable clause.

The insurance policy contained a suit limitation provision requiring that suits "for the recovery of any claim under this policy" be brought within twelve months of the discovery of the claim.

No suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after discovery by the Insured of the occurrence which gives rise to the claim....

On the ground that the one year prescription period contained in the policy barred Seafirst's action as untimely, the district court granted USF & G's motion for summary judgment.[1] This appeal followed.

**II.**

Seafirst alleges three reasons why the twelve month limitation period should not apply to its suit: (1) the suit limitation provision was contained in the main policy and does not apply to the endorsement adding Seafirst as a loss payee, (2) the suit limitation provision applies only to the insured and not to the loss payee, and (3) the suit limitation provision applies only to "claims" and Seafirst's action was not for a "claim." Seafirst's first two arguments may easily be disposed of by applying settled Louisiana law.[2] Seafirst's third argument has yet to be addressed by the Louisiana court; however, it too is without merit.

**A.**

Seafirst first contends that the twelve month suit limitation provision contained in the policy does not apply to the endorsement adding Seafirst as a loss payee.[3] According to Seafirst, since the

---

**1.** Since Seafirst filed suit more than one year after learning of the explosion and more than one year after learning of the breach of the loss payable clause, we need not decide on which date the limitation period began to run.

**2.** In a diversity action the choice of substantive law is governed by the forum state's choice of law rules. *Day & Zimmermann v. Challoner,* 423 U.S. 3, 96 S.Ct. 167, 46 L.Ed.2d 3 (1975) (per curiam); *Klaxon Co. v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Rohner, Gehrig & Co. v. Capital City Bank,* 655 F.2d 571, 578 (5th Cir. 1981). Since Louisiana is the forum state in the instant case, Louisiana's choice of law rules govern. The policy was issued in Louisiana,

USF & G maintains an office in Louisiana and the loss occurred in Louisiana; therefore, a Louisiana court would apply Louisiana law. *See Quickick, Inc. v. Quickick International,* 304 So.2d 402, 406 (La.Ct.App.), *writ denied,* 305 So.2d 123 (La.1974); *First National Bank in Center, Texas v. Reglin,* 266 So.2d 252, 253 (La.Ct. App.1972).

**3.** The loss payable clause endorsement provided: "Loss, if any, hereunder shall be adjusted with the Insured and payable to the Insured and See Attached Schedule as their respective interests may appear." The schedule attached to the loss payable clause listed Seafirst as the mortgagee on numerous items, including Item No. 128, the crane destroyed in the explosion.

endorsement itself does not contain a suit limitation provision, the policy is silent as to a limitation period applicable to Seafirst and the applicable prescription period is provided by the Louisiana Civil Code, specifically article 3499. Article 3499 provides for a prescriptive period of ten years in personal actions not otherwise provided for by legislation. La.Civ.Code Ann. art. 3499 (West Supp.1985).

Seafirst's argument ignores the clear language of the endorsement stating that the endorsement is "attached to and forming part of Policy No. SP 537117." Policy No. SP 537117 is the policy covering the crane and containing the suit limitation clause. Seafirst also ignores established Louisiana jurisprudence holding that an endorsement is construed together with the rest of the policy. *Roberts v. P. & J. Boat Service, Inc.*, 357 F.Supp. 729, 733 (E.D.La. 1973) ("The insurance policy remains in full force and effect except as altered by the words of the endorsement."); *Roman Catholic Church of Eunice v. Royal Ins. Co.*, 158 La. 601, 104 So. 383, 385 (1925); *Smith v. Western Preferred Casualty Co.*, 424 So.2d 375 (La.Ct.App.1982), *writ denied*, 427 So.2d 1212 (La.1983) ("Riders or endorsements affixed to an insurance policy are to be read with and harmonized with the provisions of the policy."). The endorsement naming Seafirst as a loss payee was attached to the main policy, and the terms of the endorsement did not alter the terms of the insurance policy; therefore, the provisions of the policy, including the suit limitation provision, apply to Seafirst.

**B.**

■ Seafirst next argues that the suit limitation provision applies only to the in-sured, RTL, and not to the loss payee, Seafirst, because the suit limitation provision does not specifically state that it applies to the loss payee. Seafirst further maintains that, since the suit limitation provision does not apply to a loss payee, the policy is silent as to the prescriptive period applicable to a loss payee's suit, and, therefore, the ten year prescriptive period of article 3499 applies.

In spite of Seafirst's protestations to the contrary, the Louisiana courts consistently hold that a simple or open loss payable clause[4] subjects the loss payee to the terms of the policy.

> Where the policy contains a simple or open loss payee clause, the contract remains one between the insurer and the insured. The loss payee is but a conditional payee of a part of the proceeds of the policy. The rights of the loss payee are no greater than the rights of the insured and are subject to all of the terms and conditions of the policy.

*Howard Griffin, Inc. v. Progressive Casualty Insurance Co.*, 409 So.2d 1262, 1263 (La.Ct.App.1982); *see also Officer v. American Eagle Fire Ins. Co.*, 175 La. 581, 143 So. 500, 502 (1932) ("The mortgagee is only a conditional appointee of the mortgagor to receive part of the proceeds in case of loss."); 5A Appleman, *Insurance Law Practice* § 3401, at 283 (1970) ("It [the open loss payable clause] does not create a new contract with the payee nor abrogate any condition of the policy"). The loss payable clause in the instant case is clearly an open clause, and Louisiana law clearly provides that all the policy provisions apply

**4.** A simple or open loss payable clause is one of two types of loss payable clauses commonly used in Louisiana. The open loss payable clause may be distinguished from the other type of clause, the standard or union clause, by the language used in the clause. The open clause simply provides that the policy proceeds will be paid to the mortgagee "as his interest may appear," while the standard clause further provides that the interest of the mortgagee "shall not be invalidated by any act or neglect of the mortgagor." *Ingersoll-Rand Financial Corp. v.* *Employers Insurance of Wausau*, 771 F.2d 910, 913 n. 3 (5th Cir.1985); *May v. Market Insurance Co.*, 387 So.2d 1081, 1083 (La.1980); 5A Appleman, *Insurance Law and Practice* § 3401, at 282 (1970). The loss payable clause making Seafirst a loss payee is an open loss payable clause because it only provides that the proceeds will be paid to Seafirst as its "interests may appear" and does not further provide that the proceeds "shall not be invalidated by any act or neglect of the mortgagor." *See supra* note 3.

**1294**

to the loss payee; therefore, the suit limitation provision applies to Seafirst.

### C.

Seafirst's last contention, and the real heart of its claim, is that its suit against USF & G is not a "claim" as that term is used in the suit limitation provision. Seafirst characterized its suit as one for breach of contract. Seafirst maintains that its suit falls outside the suit limitation provision and is therefore governed by the ten year prescriptive period of article 3499. In the course of our research we have not discovered any Louisiana cases deciding whether a suit such as Seafirst's is one for a "claim" under the policy. The two cases cited by Seafirst for the proposition that its suit is not one for a claim are not applicable to Seafirst's case.[5] Thus, as a court hearing a diversity jurisdiction case, we must decide this issue as a Louisiana court would decide it. *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

■ In our role as on *Erie* court, "[i]t is our duty ... to view ourselves ... as an inferior state court and to reach the decision that we think a state court would

---

5. Seafirst places principal reliance for its definition of "claim" on two cases construing Louisiana law, one from the Fifth Circuit and the other from the Louisiana Court of Appeals. *Fellman v. Royal Ins. Co.,* 184 F. 577 (5th Cir. 1911); *Turner v. Bankers & Shippers Ins. Co. of New York,* 187 So. 122 (La.Ct.App.1939). While both cases provide tangential support for Seafirst's argument, both cases are easily distinguishable from Seafirst's case; further, the cases do not indicate that a Louisiana court hearing the instant case would adopt Seafirst's construction of the suit limitation provision.

In *Turner* the plaintiff obtained an insurance policy covering her automobile from the defendant. After the car was damaged, the defendant undertook, through its agent the car repair shop, to repair the car. When the car was returned to the plaintiff, she found the repairs inadequate and brought suit. The insurance company relied on the suit limitation clause. The court found that the suit "is not an action founded upon the policy but is based upon the failure of the insurance company to carry out its agreement to place her car in the condition it was prior to the accident." 187 So. at 125. *Turner* is distinguishable from the instant case because in *Turner* the plaintiff did not have an opportunity to sue within the suit limitation period. Seafirst, on the other hand, had ample opportunity to bring suit within the limitation period. The case is further distinguishable because the court's holding is only one of two alternate holdings; the court also held that the defendant insurance company had waived the protection of the suit limitation clause.

In *Fellman* an umpire was appointed, when the various insurers and the insured could not agree on the amount of the loss, to determine the value of the property destroyed. The award made by the umpire was not satisfactory to the insured who then filed suit. The defendant insurance companies relied on the suit limitation clauses. The court held that "the plaintiff's action is not an action on the policy within the true meaning of the provision pleaded by the defendant, but an action on the award made

under the policy." 184 F. at 581. *Fellman* is also distinguishable from the instant case on the ground that the plaintiff did not have an opportunity to sue within the limitation period; the limitation period ran while the umpire was making a determination. Additionally, the holding is one of two alternate holdings made by the court, the other being that the insurers waived the protection of the limitation provisions.

Seafirst also argues that the reasoning of the *Fellman* decision dictates that a suit limitation clause does not cover Seafirst's action. The *Fellman* court stated:

[I]nsurers may well provide in their contracts that the action shall be speedily brought so that the extent of their liability may be settled while the facts are recent and the witnesses by whom they are to be proved are readily accessible, but there is no such reason for the limitation of the time within which a suit shall be brought when it is sought to recover only the amount under the policy which has been ascertained and admitted to be justly due by the insurers.

184 F. at 581. As Seafirst correctly points out, one of the reasons for using suit limitation clauses is to force the litigation of claims while the evidence is still relatively more accessible. Because this reasoning does not apply to Seafirst's suit (i.e., Seafirst's suit is not dependent on witnesses to the destruction of the crane), Seafirst argues that the suit limitation clause should not apply. However, there is another reason for permitting the use of suit limitation clauses: potential plaintiffs are encouraged to come forward promptly with their claims rather than waiting with the hope that the delay will put the defendant at a disadvantage. This reasoning applies in all lawsuits, not just for "claims" against insurance companies. *See Asher v. Reliance Insurance Company,* 308 F.Supp. 847, 853 (N.D.Cal.1970) ("The purpose of a policy time limitation on suit, like a conventional statute of limitations, is to promote justice by preventing surprise through revival of slumbering claims which may be difficult of proof.").

reach." *Dipascal v. New York Life Insurance Co.*, 749 F.2d 255, 260 (5th Cir.1985). In the absence of specific guidance from the Louisiana Supreme Court, our prediction of state law looks to: (1) lower state court decisions and Supreme Court dicta, (2) the district court ruling in this case, (3) the general rule on the question, (4) the rule in other states looked to by Louisiana when they formulate Louisiana substantive law, and (5) other available sources, such as restatements, treatises, and law review articles. *See* 19 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4507 (1982). We now turn to the sources listed above in our attempt to decide this issue as a Louisiana court would decide it.

While we have been unable to find a Louisiana case on point, we have discovered one Louisiana case on a related point which we believe provides significant guidance for our resolution of this issue. In *Muse v. Heine*, 189 So.2d 40 (La.Ct.App.), *writ denied*, 249 La. 734, 190 So.2d 241 (1966), the insured's building was destroyed by fire. The insurance company inadvertently paid the proceeds of the policy to the insured rather than jointly to the insured and the mortgagee. Eighteen months after discovering that fire had destroyed the building, but less than twelve months after discovering that the proceeds had been paid to the insured, the mortgagee brought suit against the insured and the insurance company. The insurance company defended on the grounds that the twelve month suit limitation provision barred the mortgagee's suit. The suit limitation clause provided that: "No suit or action on this policy for the recovery of any claims shall be sustainable in any Court of law or equity unless all the requirements of this policy have been complied with, *and unless commenced within twelve months next after inception of the loss.*" *Id.* at 42 (emphasis in, original). The trial court dismissed the suit against the insurance company on the ground that it was filed too late, and the Louisiana Court of Appeals affirmed.

While *Muse* is distinguishable on the ground that it was a statutory fire policy, we believe it indicates how a Louisiana court would decide the issue in the instant case. By affirming the dismissal of the suit on limitations grounds, the *Muse* court implicitly held that the suit by the mortgagee was one for a "claim" rather than one for a breach of contract. We believe that a Louisiana court hearing Seafirst's argument would follow *Muse* and hold that Seafirst's suit was one for a claim under the policy since Seafirst, as was the plaintiff in *Muse*, is merely trying to recover the proceeds of the policy.

In addition to considering related state court case law, we should also consider the ruling of the district court. *Watson v. Callon Petroleum Co.*, 632 F.2d 646, 648 (5th Cir.1980). The district court noted that the *Muse* case was factually similar to the case at bar and rejected Seafirst's argument that it was not suing under the policy but rather for a breach of contract. The court then held that Seafirst's right to sue had been prescribed. On appeal "the district court's interpretation of state law will not be disturbed ... unless it is clearly wrong." *Acree v. Shell Oil Co.*, 721 F.2d 524, 525 (5th Cir.1983); *see also Avery v. Maremont Corp.*, 628 F.2d 441, 446 (5th Cir.1980) ("[W]hen state law is uncertain, we are hesitant to second guess the federal district court judge."). Thus, the fact that the district court rejected Seafirst's argument leads us further toward the conclusion that a Louisiana court would also reject Seafirst's argument.

When we sit as an *Erie* court we may also look to sources outside the state in deciding how a Louisiana Court would rule. *Calcasieu-Marine National Bank of Lake Charles v. American Employers Insurance Co.*, 533 F.2d 290, 295 (5th Cir.), *cert. denied*, 429 U.S. 922, 97 S.Ct. 319, 50 L.Ed.2d 289 (1976) ("[C]ases from other jurisdictions will be relevant because '[t]he law of insurance is the same in Louisiana as in other states.' " (citations omitted)). The only case we discovered in any state defining "claim" was a Washington Court of Appeals decision: "We agree that 'on this policy for the recovery of any claim' means claims compensable under the con-

tract, not claims arising under an independent statute." *Simms v. Allstate Insurance Co.*, 27 Wash.App. 872, 621 P.2d 155, 158 (1980). This definition does not adopt as narrow a construction of the term "claim" as Seafirst would like. Applying this definition to Seafirst's suit, the suit would be considered a "claim."

We also have uncovered two Wisconsin decisions discussing the definition of "on the policy."

> An action to collect for a loss is, by its very nature, an action on the policy, since it is the policy which obligates the insurer to pay the loss. The fact that [plaintiff] characterizes her action as one for breach does not alter the essential nature of the action.

*Martin v. Liberty Mutual Fire Insurance Co.*, 97 Wis.2d 127, 293 N.W.2d 168, 171 (1980).

> [We] are of the opinion that when a loss occurs that is or should have been covered by an insurance contract, an action or suit to collect must be based upon the policy. It is the insurance policy or contract that creates the obligation on the part of the insurance company to pay the loss.

*Skrupky v. Hartford Fire Insurance Co.*, 55 Wis.2d 636, 201 N.W.2d 49, 51–52 (1972). While these two cases do not define the same term that Seafirst claims relieves it from the suit limitation provision, the cases do indicate that courts are not prone to take the restrictive view of suit limitation clauses that Seafirst advocates.

One state court has indicated its hostility to arguments that actions are not claims by holding that: "[R]egardless of the form of the action, if the source of the right claimed has evolved from the written contract of insurance, the limitations contained in it supersede any other general statutory limitations." *Modern Carpet Industries, Inc. v. Factory Insurance Association*, 125 Ga.App. 150, 186 S.E.2d 586, 587 (1971) (citations omitted). Our review of the law outside of Louisiana, limited as the law is, further convinces us that a Louisiana court would hold that Seafirst's suit is one for a "claim" under the policy.

 Based on the Louisiana court's holding in *Muse*, the district court's ruling in this case, and the decisions in other states, we hold that Seafirst's suit was one for a "claim" under the policy.

The judgment of the district court is AFFIRMED.