247 So.2d 607 (1971)
Mrs. R. J. (Thelma) TROUARD, Plaintiff-Appellant,
v.
FIRST NATIONAL BANK OF LAKE CHARLES, Defendant-Appellee.
No. 3362.
Court of Appeal of Louisiana, Third Circuit.
April 22, 1971.
Rehearing Denied May 26, 1971.
Writ Refused June 28, 1971.
*608 Charles C. Jaubett, Lake Charles, for plaintiff-appellant.
Brame, Stewart & Bergstedt, by Joe A. Brame, Lake Charles, Anderson, Leithead, Scott, Boudreau & Savoy, by Robert J. Boudreau, Lake Charles, for defendant-appellee.
Before FRUGÉ, MILLER, and DOMENGEAUX, JJ.
FRUGE, Judge.
This is a suit for a money judgment in which the plaintiff seeks to recover the sum of $3,293 as a refund on a bank money order issued and paid by the First National Bank of Lake Charles.
Mrs. Thelma Trouard, as the remitter of the above-mentioned bank money order, filed the instant suit to recover the amount of her remittance, which is the face value of the bank money order, on the ground that the money order was paid on an unauthorized and improper endorsement of one other than the named payee. From an adverse judgment on the merits, the plaintiff has perfected the instant appeal.
The relevant facts of this case are substantially undisputed. The record reveals that Mrs. Trouard was persuaded by an agent of Chinchilla Producers Association, Inc., to enter into a contract under which Chinchilla Producers Association, Inc., would provide her with the necessary equipment and breeder animals for her to begin her own chinchilla ranch operation.
On November 2, 1967, Mrs. Trouard secured bank money order #16575 in the amount of $3,293 from the First National Bank of Lake Charles and turned the money order over to the agent of Chinchilla Producers Association, Inc. The money order was made payable to the order of Chinchilla Producers Association, Inc.
This money order was subsequently endorsed by a blank endorsement which reads: "Chinchilla Producers Association of Texas", and deposited to the account of Chinchilla Producers Association of Texas. Chinchilla Producers Association of Texas is a separate corporation, which is also organized under the laws of the State of Texas. It is, however, a separate corporation from the payee named on the face of the money order, Chinchilla Producers Association, Inc. After passing through several collecting banks, each of which endorsed the money order, it was ultimately presented to the First National Bank of *609 Lake Charles, containing the endorsements of the correspondent banks, the cashing bank, and Chinchilla Producers Association of Texas. On November 9, 1967, the money order was paid by the First National Bank to the collecting bank which presented it for payment.
The Chinchilla Producers Association, Inc., subsequently failed to perform its agreement with Mrs. Trouard, and after they had refused to refund the money which she had apparently paid them, suit was filed on December 26, 1967. This suit, which was filed in the Fourteenth Judicial District Court of Calcasieu Parish, docket number 74,890, was dismissed on October 2, 1968, after a hearing on defendant's exception of no right or cause of action.
Documentary evidence in that case clearly showed that the money order had been cashed by Chinchilla Producers Association of Texas, which was a different corporation from the one to which the money order was made payable. Thus, Chinchilla Producers Association, Inc., denied that it had entered into a contract with Mrs. Trouard and further denied that it had ever received any money from Mrs. Trouard or that she owed them any money on any alleged contract.
The contract which Mrs. Trouard signed represents that the seller is "CHINCHILLA PRODUCERS ASSOCIATION", and the address is listed as 2338 Bissonnet Street, Houston, Texas. Since the address of Chinchilla Producers Association, Inc., is 1500 Bank of the Southwest Building, Houston, Texas, and the address of Chinchilla Producers Association of Texas is 2338 Bissonnet, the court in that case maintained the exception of no cause or right of action pleaded by the defendant, Chinchilla Producers Association, Inc.
When on October 21, 1968, Mrs. Trouard learned that the money order had been honored on an endorsement other than that of the named payee, she stopped payment on the bank money order and made demand upon the First National Bank of Lake Charles for a refund of the remittance or the face value of the money order. At this same time, in October, 1968, after a demand had been made for a refund, the First National Bank of Lake Charles forwarded the check to the First City National Bank of Houston, Texas, for a corrected endorsement. The Texas bank called in Gene Hoffman, President of Chinchilla Producers Association, Inc., and requested at that time he endorse the money order. At their request, he placed another endorsement on the money order which reads:
"Chinchilla Producers Association, Inc.
by S/ Gene Hoffman, Pres.
Pay to the order of Chinchilla Producers Ass'n of Texas, without recourse."
The trial judge in his written reasons for judgment stated:
"The plaintiff, Mrs. R. J. (Thelma) Trouard, gave a check for $3,293 to Chinchilla Producers Association, Inc. It was apparently cashed by Chinchilla Producers Association of Texas, Inc. At the time, both of these Texas corporations were headed by the same person, Mr. Gene J. Hoffman, and substantially owned by him. He had authority to sign on behalf of both corporations, and he did so. He apparently credited the amount to the wrong payee."
The trial judge reasoned that since the money order reached the payee corporation and the President thereof endorsed the money order with the name of another corporation of which he was also President, that although Mrs. Trouard had been defrauded of her money, the defendant bank did not contribute to her loss since the check reached the intended payee and the money was paid by the bank in a normal course of business.
The First National Bank of Lake Charles joined the Federal Reserve Bank of Atlanta (New Orleans Branch), and the Hibernia National Bank of New Orleans *610 (New Orleans, Louisiana), as third party defendants, alleging that these endorsing banks were liable to the third party plaintiff for any and all damages which it might sustain by virtue of any recovery made in the principal demand by the original plaintiff, on the basis of their unqualified endorsements which guaranteed all prior endorsements. The Federal Reserve Bank of Atlanta and the Hibernia National Bank of New Orleans filed an answer to this third party demand and also assuming the role of third-party plaintiffs, joined the Chinchilla Producers Association of Texas, the American Bank and Trust Company, Houston, Texas, Continental Bank, Houston, Texas, and the First City National Bank of Houston, Texas, alleging that these defendants were liable on their unqualified endorsements to the original third-party defendants for any and all damages which they might sustain by virtue of any recovery made in the principal demand, or any recovery made against them by First National Bank. All third-party demands were dismissed when the trial court rendered judgment in favor of the defendant, First National Bank.
The first question for our consideration is whether the applicable law in the instant case is the U.C.C. as adopted by the State of Texas or Louisiana's Negotiable Instrument Law. The bank money order in the instant case was drawn in Louisiana and made payable in Louisiana, and since these transactions took place in Louisiana, we consider that the Negotiable Instrument Act (LSA-R.S. 7:1 et seq.) is the law applicable in this case rather than the Uniform Commercial Code as adopted by the State of Texas. Wiseman v. Chiappella (1859), 23 How. 368, 64 U.S. 368, 16 L.Ed. 466; Stevens v. Gaude, 9 La. App. 664, 120 So. 79 (1st Cir. 1928).
The instrument involved in the instant case was a bank money order made payable to the order of a specifically named payee. Although both of the corporations involved had interchangeable officers and directors, and although one person was the president of both corporations, nonetheless, it is clear, that Chinchilla Producers Association, Inc., and Chinchilla Producers Association of Texas were two separate and distinct corporations organized under the laws of the State of Texas. The original endorsee on the money order was not the named payee. This money order was clearly paid upon the stamped endorsement of Chinchilla Producers Association of Texas, a different corporation from the named payee. Thus, we are of the opinion that payment was made improperly and that it was the duty of the banks involved, including the drawee bank, First National Bank of Lake Charles to require the endorsement of the named payee prior to payment or negotiation of the money order. The bank was in a position to require the endorsement to be specifically made as it appeared on the face of the instrument. This they failed to do. The plaintiff in the instant case suffered a dismissal of her previous suit against Chinchilla Producers Association, Inc., because the cashing bank and the collecting and drawee banks paid the money order in question upon the endorsement of the wrong corporation, Chinchilla Producers Association of Texas.
We think the trial court erred in failing to hold the drawee bank, First National Bank of Lake Charles, liable to the plaintiff because of its negligence in honoring the endorsement of someone other than the named payee, and that the loss in the instant case is attributable to the bank's failure in its duty to require an endorsement of the specifically named payee.
The plaintiff in the instant case is not precluded from bringing this action due to laches or delay as argued by the appellee. Although almost a year passed between the time the money order was paid and the time demand was made upon the bank for a refund, it has been uniformly held that the drawer has a right to assume that the drawee paid upon a proper endorsement and has no duty to discover that payment *611 was made upon an improper endorsement in the absence of gross negligence on the part of the drawer. Allan Ware Pontiac, Inc. v. First National Bank of Shreveport, 2 So.2d 76 (La.App. 2nd Cir. 1941). Mrs. Trouard made demand upon the bank when she first learned that Chinchilla Producers Association, Inc., had not endorsed the money order. She could not have known of the improper endorsement before this time.
The appellee argues that the second endorsement secured by the bank about December 20, 1968, from the president of Chinchilla Producers Association, Inc., nearly one year after the money order was first paid cured any defect in the original endorsement. This contention is without merit. Payment was stopped on October 2, 1968, and the second endorsement was obtained about December 20, 1968. Chinchilla Producers Association, Inc., successfully defeated the suit against it on October 2, 1968, on the grounds that it had not endorsed the check. The subsequent endorsement was ineffective.
We hold, therefore, that the drawer bank in failing to require the endorsement of the named payee is liable to refund to the drawer-remitter, Mrs. Trouard, the amount of the money order.
We are unable to determine from the record the order in which the intermediate endorsers, the collecting banks, endorsed the money order. For this reason we express no opinion on the various third-party demands, but remand this portion of the case to the District Court for the taking of evidence on the third-party demands.
For these reasons the judgment of the District Court is reversed and it is ordered, adjudged and decreed that there be judgment herein in favor of the plaintiff-appellant, Mrs. R. J. (Thelma) Trouard and against the defendant-appellee, the First National Bank of Lake Charles in the amount of $3,293 with interest at the rate of 5% from the date of judicial demand until paid. The legal rate of interest was 5% as of the date of judicial demand. See: Ducote v. Life Insurance Company of Louisiana, 245 So.2d 531 (La.App. 3rd Cir., 1971).
Additionally, and for the reasons indicated above, the case is remanded to the District Court solely for the taking of evidence on the issue of the third-party demands filed herein and the entry of a judgment on those demands. All costs of this case are to be paid by the defendant-appellee, First National Bank of Lake Charles.
Reversed and rendered in part; reversed and remanded in part.