340 So.2d 409 (1976)
Jackson B. DAVIS, Plaintiff-Appellant,
v.
MILLER BUILDERS & DEVELOPERS, INC., Defendant-Appellee, and
Commercial National Bank et al., Defendants-Appellants.
No. 13083.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1976.
*410 Mayer, Smith & Roberts by Ronald R. Inderbitzin, Shreveport, for plaintiff-appellant and St. Paul Fire & Marine, intervenor, defendant in reconvention-appellant.
Bodenheimer, Jones, Klotz & Simmons by J. W. Jones, Shreveport, for Pioneer Bank, defendant, third party plaintiff-defendant, plaintiff in reconvention-appellant.
Cook, Clark, Egan, Yancey & King by Edwin L. Blewer, Jr., Shreveport, for Commercial National Bank, defendant, third *411 party plaintiff-defendant, plaintiff in reconvention-appellant.
Gallagher & Gallagher by John Gallagher, Shreveport, for Miller Builders, defendant, third party defendant-appellee.
Before BOLIN, HALL and MARVIN, JJ.
MARVIN, Judge.
This suit arises from errors committed by an employee of an attorney and by two banks through which an unendorsed check was paid by the drawee bank. All parties except the recipient of the largess coming from these errors appeal.
In January, 1974, Plaintiff Davis, an attorney, closed a loan for the purchase of a residence from Miller Builders & Developers (Miller). The attorney disbursed by checks to several payees, the proceeds of the sale. One check ($5,577.00) was made payable to Miller. Another check ($10,001.00) was made payable to Louisiana Bank & Trust Company (LB&T) to pay off and cancel a mortgage on the property sold.
Davis' employee(s) wrote a deposit slip to deposit the Miller check in Miller's account in the Commercial National Bank (Commercial). Negligently and inadvertently both the Miller check and the LB&T check were listed on the Commercial deposit slip. On the back of both checks the employee wrote "for deposit to account of [Miller]," and delivered the deposit slip and checks to Commercial. Commercial negligently failed to observe that the LB&T check was not properly endorsed. Commercial credited both checks to Miller's account. Commercial stamped both checks, "all prior endorsements guaranteed," and forwarded the checks through banking channels to the drawee bank, Pioneer Bank & Trust Company (Pioneer).
In accordance with local banking practices, Pioneer relied on Commercial's stamped guarantee and honored both checks, debiting Davis' account, without observing the absence of an endorsement on the LB&T check. The canceled checks were returned to Davis in his February bank statement. The error(s) came to light when LB&T foreclosed its mortgage in November, 1974. Davis learned of the foreclosure and notified the other parties of what had happened to the check he had written in January to LB&T for the purpose of canceling that mortgage. Miller's inability to return the $10,001 erroneously paid it instead of LB&T, eventually provoked these proceedings.[1] LB&T purchased the property at the foreclosure sale. Davis ($1,000 deductible portion) and his errors and omissions insurer ($9,960) paid LB&T for the property (principal and interest) and then conveyed it to the purchaser who had bought it in January, 1974, from Miller in the transaction out of which Davis wrote the check in question.
Davis and his errors and omissions insurer, St. Paul Fire & Marine Insurance Company (St. Paul), sued Pioneer, Commercial and Miller, in solido, for the amount paid LB&T ($10,960).
Pioneer denied liability, pleading Davis' negligence, contributory negligence and estoppel. Pioneer made third party indemnity demands against Commercial and Miller, and reconvened against Davis.
Commercial denied liability and made third party and reconventional demands against Miller, Pioneer and Davis.
Miller generally denied all demands made against it by the other parties.
The lower court rendered an opinion granting judgments in favor of:
Davis against Pioneer;
Pioneer against Commercial;
Commercial against Davis; and Davis against Miller,
but conditioned the judgments ("because of the circuity") to exclude enforceability except as to Davis' judgment against Miller. All parties except Miller appeal.
This case arose before the effective date of Act 92 of 1974, now Title 10, L.R.S., *412 "Commercial Laws." The applicable statutory provisions are those in force prior to January, 1975, including Titles 6 and 7, L.R.S.
No contention is made that the actions of Davis' employee(s) involved fraudulent intent or other ill practices. The negligence of Davis' employee was simply inattention and oversight, as was the negligence of Commercial and Pioneer. LB&T never received and never endorsed the check made payable to it. The "endorsement" was not forged, it was missing. The deposit slip and notation on the back of the check were only written, but unsigned directions, "for deposit to account of [Miller] . . .", patently contrary to the order of the drawer on the face of the check (pay to order of LB&T).

DAVIS V. PIONEER
The relationship between Davis as a depositor and Pioneer as the depository bank, is that of creditor (Davis) and debtor (Pioneer). Pioneer was not authorized to debit Davis' account without Davis' authority. Pioneer's liability is not based upon its negligence, but upon the law that a drawee bank breaches its contract with its depositor when it pays without the depositor's (the drawer's) authority. Fidelity National Bank of Baton Rouge v. Vuci, 224 La. 124, 68 So.2d 781 (1953); Gregory-Salisbury Metal Products, Inc. v. Whitney National Bank, 160 So.2d 813 (La.App. 4th Cir. 1964).
It is the duty of the drawee bank to require endorsement by the payee before paying a check. The drawer may assume that the drawee paid upon a proper endorsement and in the absence of gross negligence on the drawer's part, the drawer is under no duty to discover that payment was made without proper endorsement. Trouard v. First National Bank of Lake Charles, 247 So.2d 607 (La.App. 3d Cir. 1971). Principles from cases involving forged instruments are inapplicable, but it is to be noted that even in those instances, the drawer is allowed one year in which to discover the forgery from the drawer's bank statements. R.S. 6:53. See also Allan Ware Pontiac, Inc. v. First National Bank of Shreveport, 2 So.2d 76 (La.App. 2d Cir. 1941). Judgment was properly granted Davis as drawer, against Pioneer, as drawee.

PIONEER V. COMMERCIAL
These banks stipulated they were governed by a local clearing house agreement under which the bank stamp ("all prior endorsements guaranteed") on the check (Commercial's stamp in this instance), "guarantees prior endorsements even though the first endorsement is absent." The stipulation also establishes that each bank relies on the originating bank's guarantee of prior endorsements. The stipulations in this respect constitute an acknowledgement of legal principles and renders Commercial liable to Pioneer. The judgment below was correct as between Pioneer and Commercial.

COMMERCIAL V. DAVIS
Commercial contends that it did no more than Davis' employee instructed it to do ("deposit to account of Miller . . .") and alternatively, that it should have judgment against Davis because of his negligence and delay. The rule of equity has been recognized in Louisiana:
". . . where one of two innocent parties must suffer loss through the fraud of another, the burden of the loss should be imposed on him who most contributed to it." Clark-Kelley Livestock and Auction Company v. Pioneer Bank & Trust Company, 228 La. 224, 81 So.2d 869, 874 (1955). (Emphasis ours), (citations omitted).
The lower court was impressed with Commercial's argument. It said:
"[Davis is] . . . a well known reliable and competent lawyer, known to . . . commercial people in the community, and any request from him . . to a mere bank teller would naturally incline to compliance, not scrutiny.
". . . Even after . . . he had the opportunity to discover the error quickly, for it was the obligation of any *413 lawyer to clear the mortgage, which he neglected to do, and he must have certified the title to the investor and should have been alerted by all of this. * * *"
The trial court also found that Davis, by preparing and submitting the deposit slip, made Commercial his agent, and that it ". . . won't do for the principal to ask the agent to do something and then hold the agent accountable for following instructions."
Davis' limited dealing with Commercial was strictly a banking transaction. Assuming Davis had a duty to cancel the LB&T mortgage on the property, this duty was not owed to Commercial. His relationship with his drawee bank (Pioneer), with respect to discovering the absence of LB&T's endorsement has been considered. He was legally entitled to assume Pioneer paid the LB&T check on a proper endorsement and was generally under no duty to discover otherwise. Trouard, supra. This is not a case of a forged endorsement or a case of systematic and continued embezzlement by an employee to whom an employer has given ostensible or express authority to deal with the employer's funds in a drawee bank which may make applicable doctrines such as agency by estoppel as in Clark-Kelley Livestock and Auction Company, supra. Pioneer paid the LB&T check without it being endorsed by LB&T. Pioneer did so because Commercial "guaranteed" even the missing or absent endorsement.
Davis' instruction to Commercial (deposit to account of Miller) was inconsistent with the order on the check (pay to order of LB&T). Memoranda become part of a bill or note (check) only when they do not contradict its terms. See 11 Am.Jur.2d, Bills and Notes, § 68. A deposit slip is only an acknowledgement that an item has been received by a bank for the purpose of undertaking collection. Ash v. Livingston Bank & Trust Co., 129 So.2d 863 (La.App. 1st Cir. 1961). Assuming Davis made Commercial its agent when his employee delivered the checks and deposit slip for the benefit of Miller to Commercial, does not avail Commercial.
C.C. Art. 3003 states that the agent ". . . is responsible . . . for . . . his fault or neglect." The principal's negligence does not excuse similar negligence on the part of an agent. See Second Restatement of Agency, Sections 376, 379, 401 (1958); 3 Am.Jur.2d, "Agency," § 202.
Faced with inconsistent directions, Commercial as a mere agent, was negligent in following especially the deposit slip without attempting to clarify from either Davis or Miller (its customer) the inconsistency. It was the absence of the LB&T endorsement, however, which Commercial as a banking institution should have noticed, and immediately taken steps to correct the error. The deposit slip error does not relieve Commercial from following sound banking practices.
Where a bank receives a check only for collection the relationship is that of principal (depositor) and agent (bank). The bank is the agent for its depositor even though the deposit be made by another agent for the depositor. 9 C.J.S. "Banks and Banking" § 218, pp. 466-468. Where a bank credits the amount of a check to the account of a depositor and allows the depositor to immediately draw against the deposit (subject to the bank's right to charge back should the check not be honored), the bank becomes the owner of the check and the relationship is that of debtor and creditor. In Re: Liquidation of Canal Bank & Trust Co., 181 La. 856, 160 So. 609, 610 (1935).
The receipt of the deposit here was but one step in the channel of clearing and paying (erroneously) the Davis-LB&T check. The second step was the guarantee, even of the missing endorsement, by Commercial. We cannot and do not infer that Commercial relied on the alleged "instructions" from Davis' employee(s) as authority for not requiring LB&T's endorsement.
Commercial in this case created its own liability and that of Pioneer by guaranteeing a missing endorsement contrary to *414 sound banking practices, knowing that Pioneer would rely on its guarantee.
Even should we assume arguendo, equal fault on the part of Commercial and Davis (and we do not so find), so as to preclude any recovery as between Davis and Commercial or vice versa,[2] the result would be
Davis recovers from Pioneer;
Pioneer recovers from Commercial;
and Commercial recovers from Miller.
We need not proceed further.

COMMERCIAL V. MILLER
There should be judgment in favor of Commercial against its depositor, Miller.

CONCLUSION
For reasons assigned, judgment below is reversed and is hereby rendered as follows:
Davis and St. Paul are hereby granted judgment against Pioneer;
Pioneer is hereby granted judgment against Commercial;
Commercial is hereby granted judgment against Miller;
All other demands of each party litigant against other parties litigant are rejected;
Each judgment is for $10,001.00 with legal interest from judicial demand until paid;
Costs below and on appeal shall be paid by the defendant cast in each judgment.
REVERSED AND RENDERED.
NOTES
[1] It is ironic that Miller's account at Commercial at any time before, but not after, October 9, 1974, contained sufficient funds from which Commercial could have deducted the $10,001 erroneously credited to the account.
[2] This would be applying the equitable rule quoted supra from Clark-Kelley Livestock and Auction Company.