351 So.2d 852 (1977)
COMMERCIAL CREDIT EQUIPMENT CORPORATION, Plaintiff-Appellant,
v.
PEOPLE'S LOAN SERVICE, INC., Defendant-Appellee.
No. 13352.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1977.
*853 Eric R. Harrington, Natchitoches, for plaintiff-appellant.
Hayes, Harkey, Smith & Cascio by Louis D. Smith, Monroe, for defendant-appellee.
Before BOLIN, PRICE and MARVIN, JJ.
BOLIN, Judge.
Plaintiff seeks to hold defendant personally liable for a debt because defendant provoked the judicial sale of property subject to plaintiff's chattel mortgage. The trial court sustained defendant's exception of no cause of action and dismissed plaintiff's suit. Plaintiff appeals and we affirm.
Plaintiff's debtor financed the purchase of a bulldozer, securing his loan with a chattel mortgage on the equipment. When its debtor became delinquent on the loan payments, plaintiff obtained a writ of seizure and sale pursuant to executory proceedings in Bossier Parish. However, the sheriff was unable to locate and seize the bulldozer because it had somehow passed into the hands of defendant's debtor in Ouachita Parish.
In due course, defendant obtained a judgment against its debtor. The bulldozer, along with other items, was seized and sold to satisfy the judgment. After learning of this disposition of its security and more than six months after the sheriff's sale, plaintiff filed the present suit for the balance due on its promissory note plus interest and attorney fees.
Plaintiff alleges defendant became indebted for the full amount of the note secured by mortgage on the bulldozer when it caused the judicial sale of the equipment and placed it beyond plaintiff's reach. The petition does not allege defendant acted fraudulently to defeat plaintiff's rights, but only that defendant received the proceeds of the sale of property which was subject to a superior mortgage.
Plaintiff apparently contends defendant incurred personal liability by tortiously converting property in which plaintiff claimed a valid security interest. Conversion, a wrongful act, cannot spring from the exercise of a legal right, i. e., execution on a judgment. See Hopper v. Bills, 255 La. 628, 232 So.2d 296 (1970), and cases cited therein. Absent allegations of wrongful conduct, plaintiff has failed to state a claim for which relief can be granted against this defendant. Furthermore, plaintiff's security interest has not been defeated, since the bulldozer remains subject to plaintiff's chattel mortgage in the hands of the purchaser at the sheriff's sale. Louisiana Civil Code, Article 3399; Louisiana Revised Statutes 9:5363; Plauche, The Pact De Non Alienando in Louisiana, 21 Tul.L.Rev. 238 (1946).
The judgment is affirmed at appellant's cost.