Emmett S. Roberts Secretary Department of Health and Rehabilitive Services Tallahassee
QUESTION:
Does s. 394.477, F. S., authorize or require counties to pay the costs of transferring nonindigent, nonresident mentally ill patients in treatment facilities in Florida to treatment facilities in the states of their residence?
SUMMARY:
Section 394.477, F. S., does not authorize or require counties to pay the costs of transferring nonindigent, nonresident mentally ill patients in treatment facilities in Florida to treatment facilities in the states of their residence.
Your question is answered in the negative.
The letter of inquiry states that, following an audit of Florida State Hospital, the auditor suggested that the hospital seek an official opinion of this office as to whether or not under s. 394.477, F. S., `counties are responsible for the costs of transferring a nonindigent, non-resident (patient) to a treatment facility in the state of his (or her) residency.' This opinion, therefore, is limited to that question under the terms of s. 394.477, F. S.
Section 394.477, F. S., provides as follows:
 No person shall be hospitalized in a treatment facility under the provisions of this part who has not been a bona resident of the state continuously for 1 year immediately preceding his hospitalization. However, any person not a bona fide resident of the state may be hospitalized in a treatment facility pending transfer of said person back to the state of his residence. An indigent nonresident patient shall be transferred to the state of his residence at the expense of the county from which he was hospitalized. The treatment facility, with the approval of the department, shall retain any nonresident who cannot be transferred subject to the provisions of this part. (Emphasis supplied.)
When the language of a statute is plain and unequivocal, and conveys a clear and distinct meaning, there is no need to resort to rules of statutory construction. Van Pelt v. Hilliard,78 So. 698 (Fla. 1918); Voorhees v. Miami, 199 So. 313 (Fla. 1940); Wagner v. Botts, 88 So.2d 611 (Fla. 1956); Reino v. State,351 So.2d 853 (Fla. 1977). Under such circumstances, the sole function of the court (and of this office) is to effectuate the legislative intent since the Legislature will be deemed to have intended what it has plainly expressed. See Florida State Racing Commission v. McLaughlin, 102 So.2d (Fla. 1958); Winter v. Playa del Sol, Inc.,353 So.2d 598 (4 D.C.A. Fla., 1977). It is readily apparent from an examination of s. 394.477, F. S., that the statute applies to and governs the transfer of indigent nonresident patients and does not apply to or operate on nonindigent, nonresident patients in treatment facilities in Florida. Thus, by giving effect to the plain words of the statute, it must be concluded that counties are required to pay the costs of transferring only indigent
nonresident patients to the state of their residence. They are not authorized by law to pay the costs of transferring any nonindigent patient to the state of his (or her) residency. County funds may be expended only for those purposes authorized or required by statute. See, e.g., AGO's 071-28, 078-97, and 078-101.
Moreover, it is a settled rule of statutory construction that where the Legislature has by express terms stated the things or objects upon which a statute is to operate, other things not so mentioned are impliedly excluded from the statute's operation. Inre Estate of Ratliff, 188 So. 128 (Fla. 1939); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Thayer v. State, 335 So.2d 515
(Fla. 1976). This rule applies to the provisions of s. 394.477, F. S., so that by clear implication nonindigent, nonresident patients are excluded from the operation of the statute. Any other interpretation of s. 394.477, F. S., would extend the meaning of the language of the statute to include a class of persons not referred to or provided for by the Legislature.
Prepared by: Patricia R. Gleason, Assistant Attorney General