384 So.2d 592 (1980)
William E. STROTHER, Jr.
v.
NATIONAL AMERICAN BANK.
No. 10992.
Court of Appeal of Louisiana, Fourth Circuit.
May 13, 1980.
Molony, Nolan, North, Riess & Hall, Terence E. Hall, New Orleans, for plaintiff-appellant.
William S. Vincent, Jr., New Orleans, for defendant-appellee.
Before SAMUEL, GARRISON and SARTAIN, JJ.
*593 SARTAIN, Judge.
This is an action against a local bank for cashing plaintiff's check on a foreign bank contrary to a restrictive indorsement. Plaintiff appeals from a judgment of the district court which sustained defendant's plea of prescription of one year. We reverse and remand.
The facts are not in dispute. On January 13, 1974,[1] plaintiff drew a check in the amount of $26,000.00 on his account with the Citizens and South National Bank of Atlanta, Georgia. The check was payable to the order of "Chalmette Properties" and on the back thereof plaintiff indorsed the same "Deposit Only Chalmette Properties". On or about January 15, 1974, the check was further indorsed by "Dr. H. A. Thian",[2] presented to and cashed by defendant, National Bank of New Orleans. This suit was filed on November 3, 1977.
The issue presented is whether the applicable prescriptive period is one year (C.C. art. 3536, offenses and quasi offenses) or five years (C.C. art. 3540, bills and notes, etc.).[3]
It is apparent from the result reached in the trial court that the judge a quo treated the issue as an offense or quasi offense, vis, that the defendant bank negligently overlooked the restrictive endorsement. While some cases may refer to the negligence of a depositor or the negligence of a bank employee, the relationship between a bank and its customers, in the absence of specific statutes to the contrary, is not covered by the rules applicable to offenses and quasi offenses. As between a bank and its depositor, the relationship is covered by contract. Davis v. Miller Builders & Developers, Inc., 340 So.2d 409 (La. App. 2nd Cir. 1976); Fidelity National Bank of Baton Rouge v. Vuci, 224 La. 124, 68 So.2d 781 (1953); LaCour v. Merchants Trust and Savings Bank, 153 So.2d 599 (La. App. 4th Cir. 1963). As between the payee of a check and an intermediate or collecting bank, the relationship is that of a principal and agent. Davis v. Miller Builders & Developers, Inc., above.
A number of states have specific statutes dealing with altered checks, whether the alteration is on the face of the check or the back thereof, including endorsements. The only applicable statute in Louisiana at the time[4] was R.S. 6:53[5] and this statute deals only with forgery and checks where the amount has been raised. Such is not the case here. The events in the instant matter parallel what is termed a "civil conversion" in other jurisdictions. Soma v. Handrulis, 277 N.Y. 223, 14 N.E.2d 46 (1938); Salsman v. National Community Bank of Rutherman, 102 N.J.Super. 482, 246 A.2d 162 (1968).
The basic question remaining here is that of prescription. C.C. art. 3540, which we find to be applicable, provides:

*594 "Actions on bills of exchange, notes payable to order or bearer, except bank notes, those on all effects negotiable or transferable by indorsement or delivery, and those on all promissory notes, whether negotiable or otherwise, are prescribed by five years, reckoning from the day when the engagements were payable." (Emphasis ours.)
The article first appears as Article 3505 of the Civil Code of 1825. The "on" in the 1870 code is the English translation of the French word "sur". Art. 3540, La.C.C. Comp.Ed. in 17 West's LSA, C.C. p. 702 (1972). Webster's Third New International Dictionary, defines "on", inter alia, as a function word to indicate a "(6) source or support or basis on which something (as an action, opinion) turns or rests."
With respect to the check in question we believe the clear intent of the article to be to the effect that bills of exchange, notes, and other instruments, negotiable or otherwise, are to have a viable life for a period of five years. While the instant action is not a suit between the maker (Strother) and the payee (Chalmette Properties), it is an action by the maker against a third party whose averred conduct is claimed to have contradicted and clearly vitiated the terms and efficacy of the instrument. Such conduct falls within the purview of C.C. art. 3540, above.
For the above reasons the judgment of the district court sustaining defendant's plea of prescription is reversed and set aside and this matter is remanded to the district court for further proceedings. All costs relating to this appeal are to be borne by the defendant. All other costs are to await final determination on the merits.
REVERSED AND REMANDED.
NOTES
[1] In the original petition the events are stated to have occurred in June, 1974. However, the affidavit of plaintiff in the record clearly shows that the events actually took place in January, 1974. The error in the petition is not considered consequential.
[2] The bank's dilatory exception of failure to join a necessary party (Dr. H. A. Thian) became moot when its exception of prescription was sustained.
[3] The events giving rise to this litigation occurred prior to the effective date of Act No. 92 of 1974 (January 1, 1975), now Title 10 (Commercial Laws) and are therefore governed by Titles 6 and 7 (Negotiable Instruments Law). L.R.S., where applicable.
[4] Ibid.
[5] R.S. 6:53"Suits to enforce the liability of any bank which has paid and charged to the account of a depositor any money on a forged or raised check or on a check made payable to a fictitious person and issued in the name of the depositor may be brought only within one year after notice to the depositor that the vouchers representing payments charged to his deposit account for the period during which the payment was made are ready for delivery, or, in case this notice has not been given, only within one year after the return to the depositor of the voucher representing the payment, and then, only if the depositor, upon the return by the bank, has notified it that the check paid is forged or raised or was payable to a fictitious person.

"Either notice may be given by mail, postage prepaid, directed to the addressee's last known address."