427 So.2d 602 (1983)
JOHNNY TURCICH, JR., INC. and Johnny Turcich, Jr.
v.
FIRST NATIONAL BANK OF JEFFERSON PARISH.
No. 82-C-3.
Court of Appeal of Louisiana, Fifth Circuit.
February 7, 1983.
*603 Leon A. Crist, A. Russell Roberts, Graffagnino, Perez & Roberts, Metairie, for plaintiff-appellant.
Joseph T. Casey, Casey, Babin & Casey, New Orleans, for defendant-appellee.
Before CHEHARDY, CURRAULT and DUFRESNE, JJ.
CURRAULT, Judge.
This is an action against defendant bank for cashing plaintiff's check contrary to a written stop order. Plaintiff appeals from a judgment of the district court which sustained defendant's plea of prescription of five years as provided by LSA-C.C. art. 3540. We affirm.
The facts are not in dispute. Johnny Turcich, Jr., Inc. maintained a checking account with First National Bank of Jefferson Parish (hereafter FNJ). On or about July 23, 1975, a check for $4830 was drawn on that account and was made payable to the order of Bamber Contractors and signed by John A. Turcich, Jr. The reverse of the check had written on it, "This check was given under protest as to storage fee at time of sale."
A stop-payment order for the above-mentioned check was given by Mrs. John A. Turcich, Jr., dated January 7, 1975 (sic)[1]. The check was subsequently stamped, "For Deposit Only in LIVINGSTON STATE BANK to the credit of BAMBER CONTRACTORS, INC." and sent for collection by Livingston State Bank & Trust Company to First National Bank of Jefferson Parish, which check was received and honored by FNJ on August 19, 1976. The cashing of this check was further reflected in the monthly statement of Johnny Turcich, Jr., Inc., ending August 31, 1976.
A little more than five years later, on December 3, 1981, Johnny Turcich, Jr., Inc. filed suit demanding reimbursement by FNJ. In response to that suit, defendant bank filed a peremptory exception of prescription which was sustained by the Honorable Robert J. Burns, Twenty-Fourth Judicial District Court, Division "M". Plaintiff has appealed.

ISSUE
The sole issue presented to this court is whether the action filed by plaintiff-appellant is subject to prescriptive period of five years as provided by LSA-C.C. art. 3540.
Appellant argues that his cause of action against defendant bank does not arise in any way from the execution of a note or bill of exchange. He asserts, instead, the action arises from a breach of the bank's contract with its customer to stop payment on a check issued by that customer.
Although we were unable to locate jurisprudence consistent with the issue presently before us, we find Strother v. National American Bank, 384 So.2d 592 (La.App. 4th Cir.1980), to be analogous and helpful. In Strother, supra, the action was against a local bank for cashing plaintiff's check on a foreign bank contrary to a restrictive endorsement.
Strother had drawn a check on his account with Citizens and South National Bank of Atlanta. On January 13, 1974, the check was made payable to the order of "Chalmette Properties" and on the back thereof plaintiff endorsed the same, "Deposit Only Chalmette Properties." Subsequently, in January, 1974, the check was further endorsed by "Dr. H.A. Thian," and presented to and cashed by the defendant, National Bank of New Orleans. Strother brought suit over three years later on November 3, 1977.
The trial court treated the issue as an offense or quasi offense, vis, that the defendant bank negligently overlooked the restrictive endorsement, and sustained defendant's plea of prescription of one year (LSA-C.C. art. 3536).
The Fourth Circuit Court reversed and held plaintiff's action had not prescribed as the applicable prescriptive period was five years as provided by LSA-C.C. art. 3540 *604 which governs the actions on negotiable or non-negotiable bills and notes. The court in Strother, supra, at 594 concluded:
"With respect to the check in question we believe the clear intent of the article to be to the effect that bills of exchanges, notes, and other instruments, negotiable or otherwise, are to have a viable life for a period of five years. While the instant action is not a suit between the maker (Strother) and the payee (Chalmette Properties), it is an action by the maker against a third party whose averred conduct is claimed to have contradicted and clearly vitiated the terms and efficacy of the instrument. Such conduct falls within the purview of C.C. art. 3540, above."
The basic question before us here, as in Strother, supra, is that of prescription. Is this action governed by the prescriptive period of five years (LSA-C.C. art. 3540, bills and notes) or ten years (LSA-C.C. art. 3544)?
While it is appellant's assertion that this action is contractual in nature because the defendant bank honored his check despite the written stop-order, we must take notice that that stop-order was not in effect when the check was cashed. Written stop-orders are only viable for six months unless renewed in writing. LSA-R.S. 10:4-403(2). Plaintiff's check was cashed in August, 1976, some eight months after the written stop-order was signed. There is no evidence in the record evidencing a renewal of that stop-order. Indeed, plaintiff's petition states it was not renewed.
Appellant relies upon Davis v. Miller Builders and Developers, Inc., 340 So.2d 409 (La.App.2d Cir.1976) wherein the court held that the relationship between the customer-depositor and the bank is one of creditor-debtor and that a drawee bank breaches its contract with its depositor when it pays without the depositor's authority. However, as demonstrated above, FNJ was not breaching any contractual duty owed depositor since FNJ was under no direct order from the depositor to dishonor his check.
We feel, as do our brothers of Fourth Circuit Court, that it is the clear intent of LSA-C.C. art. 3540 that bills of exchange, notes and other instruments, negotiable or otherwise, are to have a viable life of five years. Accordingly, this action is governed by LSA-C.C. art. 3540.
For the above reasons, the judgment of the district court sustaining defendant's plea of prescription is affirmed and all costs are assessed against appellant.
AFFIRMED.
NOTES
[1] The parties have stipulated before this court that although January 7, 1975 appears on the face of the stop-order, the actual date the stop-order was executed was January 7, 1976.