BOUTALL, Judge.
This suit arises from a loss resulting from misappropriation of cheeks belonging to the plaintiff. From a judgment dismissing his suit on an exception of prescription, the plaintiff has taken this appeal. We reverse.
The plaintiff, Alfred B. Daube, arranged for his paychecks, drawn on the Whitney National Bank, to be mailed to a friend, Liane Bruno, who agreed to hold them for him while he was working offshore from Mexico. Bruno forged his endorsement, added her own true endorsement, and deposited the checks into her checking account at Commercial Bank & Trust Company, which forwarded them to the Whitney, which then paid and debited Daube’s employer’s account. A total of $5,235 in checks was so misappropriated between January, 1980, and May, 1980, the last check clearing the Whitney on May 19, 1980.
When Daube returned home in June of 1980 he discovered the theft and pressed criminal charges against Bruno, who pleaded guilty and was convicted. More than three years later, on August 31, 1983, Daube filed this civil suit against Bruno, the Whitney, and Colonial for restitution and damages, alleging the fraud of Bruno and negligence of the two banks in failing to cheek the signature on the checks or requiring proof of signature from Bruno.
The Whitney raised a peremptory exception of prescription on grounds that Daube’s claim was in tort, and the one-year prescriptive period applied. The trial judge found in favor of the Whitney, dismissed Daube’s claim, and cast him for all costs.
The issue before this court is which prescriptive period applies to an action for payment of checks under a forged endorsement under LSA-R.S. 10:3-419(1).[1]
In Acts 1974, No. 92, Section 1, effective January 1, 1975, the legislature adopted portions of the Uniform Commercial Code, which appear in the Louisiana Revised Statutes at Title 10. LSA-R.S. 10:3-419(1) provides for liability of a person who pays an instrument on a forged endorsement. The U.C.C. section from which our statute was drawn,[2] according to the comment, provides that payment on a forged endorsement is “an exercise of dominion and control over the instrument inconsistent with the rights of the owner, and results in liability for conversion.” The official comment to LSA-R.S. 10:3-419 states:
“This section was entirely rewritten in order to delete reference to common law ‘conversion,’ which is foreign to Louisiana.”
As no prescriptive period is provided, the general laws apply. In the case before us there is a contest between the five year prescriptive period of LSA-C.C. art. 3498 for actions on negotiable and non-negotiable instruments, and the one year prescription of LSA-C.C. art. 3492 for delictual actions.
There is a paucity of recent jurisprudence on the issue. In Top Crop Seed & Sup. v. Bank of Southwest La., 457 So.2d 273 (La.App. 3rd Cir.1984), a corporation sued the cashing, depository, and collecting bank for cashing checks payable to the order of the corporation on a forged signature. The appellate court held that the five-year prescription for actions on bills and notes applied, following the holdings of Strother v. National American Bank, 384 *6 So.2d 592 (La.App. 4th Cir.1980), and Johnny Turcich, Jr., Inc. v. First National Bank of Jefferson Parish, 427 So.2d 602 (La.App. 5th Cir.1983).
In the Strother case, supra, the plaintiff drew a check on his account in a Georgia bank, payable to the order of Chalmette Properties, which he endorsed, “Deposit Only Chalmette Properties.” The check was further endorsed by an individual who presented it and cashed it at the defendant bank in Louisiana. The events took place prior to the effective date of the new Title 10, Commercial Laws, and there was no statute then to provide a remedy for a bank’s cashing a check contrary to a restrictive endorsement.
The more recent case, Johnny Turcich, Jr., Inc. v. First National Bank of Jefferson Parish, supra, involved a drawee bank’s cashing the plaintiff’s check, contrary to a stop order. The plaintiff sued the cashing bank more than five years after the check had been debited to his account, and urged that the ten-year prescriptive period for breach of contract applied. The court held that, because the bank cashed the check after the stop order had expired and had not been renewed, the bank was under no order to stop payment and had not breached its contract with the depositor. Following Strother, supra, the court held that the five year prescription for bills and notes applied.
In the .case before us, Whitney argues that the payee’s action against a drawee bank is clearly one in tort. The bank states that prior to adoption of the UCC, a cause of action against a drawee bank by a payee on a forged endorsement would be in tort if the law had then acknowledged a duty of the drawee to payee. Fernon v. Capital Bank & Trust Company, 190 So.2d 504 (La.App. 1st Cir.1966). Adoption of the UCC has not changed the law. Further, every out-of-state case found by the bank’s counsel has held that the action against a drawee bank under UCC Section 3-419 “is grounded in conversion (tort).” The appellee argues further that the prescriptive period for bills and notes does not apply to the case at hand because it is not a suit on the instrument but is an ancillary claim. The Whitney as drawee has no obligation to Daube the payee.
We are aware of an older case, Succession of Guillemin, 2 La.Ann. 634 (La.1847) which held that the five year prescription applied only to actions for breaches of contract on the note itself, not to ancillary claims. See also Couch v. Couch Rice Huller Co., 1 Peltier 14 (Orl.App.1918). However, we believe that resolution of the issue hinges upon determining legislative intent in the writing of LSA-R.S. 10:3-419(1).
Regardless of any interpretation of the old law, since the enactment of the new statute in 1974, any person, including the drawee bank, who pays on a forged endorsement, is liable to the true owner. The statute indeed changed the law and .has placed an additional obligation upon the drawee to the true owner only, which is an obligation imposed by the check, namely an instruction from the maker to the drawee to pay to the owner a sum certain upon presentation of the check. See Lincoln Nat. Bank & Trust Co. v. Bank of Commerce, 764 F.2d 392 (5th Cir.1985). If the legislature had drawn the statute as written in the UCC, the bank’s liability would have been in tort (in the UCC, conversion). However, the legislature chose not to adopt that UCC provision and took pains to exclude any reference to liability in tort. Accordingly, we classify the action against a person (here, the drawee bank) who pays upon a forged endorsement to be a suit upon a note,, to which the five year prescription period set out in LSA-C.C. art. 3498 applies.
For the reasons stated above, the judgment appealed from is reversed and the suit remanded for trial on the merits.
REVERSED AND REMANDED.

. “(1) When a drawee to whom an instrument is delivered for acceptance refuses to return it on demand; or when a person to whom an instrument is delivered for payment refuses on demand either to pay or to return it; or when a person pays an instrument on a forged indorsement, he is liable to the true owner.”

. "Section 3-419. Conversion of Instrument; Innocent Representative
(1) An instrument is converted when
(a) a drawee to whom it is delivered for acceptance refuses to return it on demand; or
(b) any person to whom it is delivered for payment refuses on demand either to pay or to return it; or
(c) it is paid on a forged indorsement.”