490 So.2d 547 (1986)
DELORT HARDWARE COMPANY, INCORPORATED
v.
PEOPLES BANK AND TRUST COMPANY
No. CA-4870.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1986.
Delores M. Crosbie, Chalmette, for plaintiff-appellant.
Richard H. Gauthier, Chalmette, for defendant-appellee.
Before SCHOTT, BYRNES and ARMSTRONG, JJ.
ARMSTRONG, Judge.
On June 16, 1983, Jacques Miramon, President of Delort Hardware Co. (Delort), deposited into his personal account at Peoples Bank and Trust Co. (Peoples) a $6,000.00 check drawn upon Delort's business account at First National Bank of Commerce (FNBC). Upon presentment of the check, FNBC returned it to Peoples due to non-sufficient funds in Delort's account. On August 14, 1983, a check for $9,000.00 was drawn upon Delort's FNBC account and deposited by Miramon in Delort's business account at Peoples. This check was likewise returned for non-sufficient funds. Peoples notified Miramon on August 9, 1983, that it had charged both unpaid items to Delort's business account at Peoples Bank. This set-off procedure ultimately produced a negative balance in the Delort account of -$6,007.12. On December 29, 1983, Miramon deposited $6,007.12 into the *548 Delort account which was then credited by Peoples and resulted in a zero balance.
Delort filed its original tort suit on December 28, 1984 and an amended petition on March 26, 1985 in which it alleged that the bank transaction of December 29, 1983 was an illegal conversion of Delort's funds resulting from the prior negligence of the bank in debiting Delort's account for both unpaid items. Plaintiff subsequently filed a second amended petition which alleged that the original $6,000.00 check had been redeemed by Miramon for cash from an officer of Peoples, but that the $6,000.00 had not been credited to Miramon's account. The trial court ultimately sustained Peoples' exception of prescription as to Delort's tort action but allowed Delort fifteen days in which to amend its petition in order to proceed in contract. It is from this judgment that Delort now appeals.
Plaintiff argues that the defendant wrongly asserted an act of dominion over its property when Peoples credited the $6,007.12 deposit made on December 29, 1983, to the Delort account, which allegedly carried an erroneous negative balance. Plaintiff contends that this transaction constituted the tort of conversion and as such his tort action filed on December 29, 1984 was within the one year prescriptive period assigned to delictual actions by C.C.Art. 3492. We disagree.
Conversion, actionable under LSA-C.C. Art. 2315,[1] is a distinct act of dominion wrongfully exerted over another's property in denial of or inconsistent with the owner's rights therein. Importsales, Inc. v. Lindeman, 231 La. 663, 92 So.2d 574 (1957); Harper Oil Field Services v. Dugas, 451 So.2d 96 (La.App. 3rd Cir.1984). A conversion cannot spring from the exercise of a legal right. Commercial Credit, etc. v. People's Loan Serv., 351 So.2d 852 (La.App. 2nd Cir.1977). When plaintiff voluntarily deposited $6,007.12 into its account, which it knew carried a negative balance of $6,007.12, Peoples's legal obligation was to credit Delort's account for the full deposit. We do not find that Peoples converted plaintiff's funds when it so credited plaintiff's account for the amount deposited.
While it is arguable that plaintiff may have had a cause of action in tort relative to the debiting of its account on August 9, 1983, or as to the bank's failure to credit the value of Miramon's check allegedly redeemed on June 24, 1983, these actions would have prescribed by the time plaintiff filed suit. As between a bank and its depositor, the relationship is not covered by the rules applicable to offenses and quasi offenses, thus plaintiff's available remedy fell within the ambit of contract. Strother v. National American Bank, 384 So.2d 592 (La.App. 4th Cir.1980).
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] See Central Fidelity Bank v. Gray, 422 So.2d 670 (La.App. 3rd Cir.1982).