267 So.2d 779 (1972)
J. B. DURBIN and Gary Lee Durbin, Plaintiffs-Appellants,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellee.
No. 11908.
Court of Appeal of Louisiana, Second Circuit.
September 12, 1972.
Rehearing Denied October 17, 1972.
Writ Refused November 21, 1972.
*780 Holloway, Baker, Culpepper, Brunson & Cooper, by Bobby L. Culpepper, Jonesboro, for appellants.
Gold, Hall, Hammill & Little by John F. Simon, Alexandria, for appellee.
Before AYRES, PRICE and HEARD, JJ.
En Banc. Rehearing Denied October 17, 1972.
HEARD, Judge.
This suit was instituted by J. B. Durbin and his son, Gary Lee Durbin, against Allstate Insurance Company for damages allegedly sustained by plaintiffs as a result of the failure of defendant to promptly settle an insurance claim for damages to a 1969 Ford automobile. From a judgment rejecting plaintiffs' demands, they have perfected this appeal.
It was established by the evidence that on October 7, 1968 J. B. Durbin purchased from Morock Ford, Inc. a 1969 Ford. The bill of sale set forth that J. B. Durbin was the purchaser and title was placed in his name. His son, Gary Lee Durbin, who was under 21 years of age at that time, signed the note and mortgage as co-buyer. At that time Gary Lee Durbin had insurance with Allstate covering a Ford Mustang and the 1969 Ford was substituted in the policy as the insured vehicle when the new car was purchased. J. B. Durbin was not shown as the insured on the policy. On March 5, 1969 the 1969 Ford, while parked near the highway on the Calvin-Friendship Road in Winn Parish, was struck by another car and totally destroyed within the meaning of the policy of insurance. Counsel stipulated that at the time of its destruction the car had a value of $3,045. The accident was reported by Gary Lee Durbin to Jerry Shankles, Allstate agent in Jonesboro, and the next day Gary Lee Durbin went into the service and did not return to Jonesboro for a period of approximately two years. When the 1969 Ford was purchased, Ford Motor Credit Company was named in the policy as loss payable mortgagee, and when wrecked the balance due on the car's mortgage was $3,827.34.
It is shown by testimony that J. B. Durbin contacted the insurance agent of Allstate, and Ford Motor Credit Company, on several occasions concerning the loss. It was also shown that J. B. Durbin owned two other automobiles which he had previously mortgaged to Ford Motor Credit Company. He failed to make any payments on the 1969 Ford and was having difficulty making payments on the other two vehicles. Allstate offered to settle on the basis of the fair value of the 1969 Ford *781 but there was a balance due of $327.21 owing to Ford Motor Credit Company by the Durbins and Ford Motor Credit Company refused to give up title until this sum was paid. Consequently suit was filed in Natchitoches Parish foreclosing the 1969 Ford. After it was found that court had no jurisdiction, and Ford Motor Credit Co. would have to file suit in Winn Parish, an offer was made to J. B. Durbin to settle the claim if he would only sign a release. This he failed to do. The 1969 Ford was subsequently foreclosed in Winn Parish and a deficiency judgment taken. One other of J. B. Durbin's automobiles was seized under the deficiency judgment and he signed a release on the third one. After the sheriff's sale of the 1969 Ford, Allstate paid Ford Motor Credit Company the sum of $2,445 on December 30, 1969, which represented the cash value of the car, less $600 paid for the salvage.
The trial court held that J. B. Durbin's suit arose in contract and not in tort. There was no contractual relationship between J. B. Durbin and Allstate and none is alleged. J. B. Durbin is not the assured under the policy and can therefore have no possible right of recovery against Allstate Insurance Company even if such a right exists in favor of his son. With this holding we agree. The demands of J. B. Durbin are therefore rejected.
It is well established as the law of Louisiana that where insurance is taken out by the mortgagor for the benefit of mortgagee, or is made payable to the mortgagee as his interest may appear, the mortgagee is entitled to the proceeds of the policy to the extent of his mortgage debt, holding the surplus, if any, after the extinguishment of his debt for the benefit of the mortgagor. Adams v. Allen, La.App., 19 So.2d 578 (1st Cir. 1944).
The evidence is clear that Allstate at all times was ready and willing to settle the claim. The only reason for the delay was J. B. Durbin's failure to settle the difference between the indebtedness on the car and its cash value. When Ford Motor Credit Company obtained title to the 1969 automobile through foreclosure proceedings and transferred title to Allstate Insurance Company, the claim was promptly settled.
For the reasons assigned we fail to find manifest error in the judgment of the trial court, and it is hereby affirmed, with all costs to be borne by appellants.