298 So.2d 134 (1974)
William O. POUNDS, Individually and as the Administrator of the Estate of his minor children, Vinina Pounds, et al., Plaintiffs-Appellees,
v.
CHICAGO INSURANCE COMPANY and Highlands Insurance Company, Defendants-Appellees,
Langston's Furniture & Appliances, Inc., Intervenor-Appellant.
No. 9863.
Court of Appeal of Louisiana, First Circuit.
June 28, 1974.
Rehearing Denied August 13, 1974.
Writ Refused October 18, 1974.
*135 Stephen K. Faulkner, Jr., New Orleans, for intervenor-appellant Langston.
L. B. Ponder, Jr., Amite, and Robert T. Rester, Bogalusa, for plaintiff-appellee Wm. Pounds.
Calvin E. Hardin, Baton Rouge, for Chicago Ins. Co. and Bulk Transport.
John J. Cooper, New Orleans, for Highland Ins. Co.
Before LOTTINGER, BLANCHE and de la HOUSSAYE, JJ.
LOTTINGER, Judge.
Langston's Furniture & Appliances, Inc., Intervenor-Appellant, appeals from a judgment of the Lower Court overruling an exception of no cause or right of action filed to a petition for a summary judgment of dismissal of the seizure of the rights of William O. Pounds in the captioned tort suit.
On March 29, 1971, William O. Pounds, individually and as the administrator of the estate of certain of his minor children, together with his wife, filed an action for property damage and personal injury against Chicago Insurance Company and Highlands Insurance Company. On July 28, 1972, at the direction of Langston's Furniture & Appliances, Inc., and in order to satisfy a money judgment against William O. Pounds, the Sheriff of the Twenty-first Judicial District Court in and for the Parish of Tangipahoa seized under a writ of fi fa the interest of William O. Pounds in this suit. On May 11, 1973, William O. Pounds was discharged in bankruptcy, and on July 13, 1973, the bankruptcy court disclaimed and abandoned the bankrupt's interest in this tort claim, saying that it was unworthy of administration. On August 28, 1973, Pounds filed a motion for summary judgment for dismissal of the seizure of his interest in this suit alleging that he was discharged in bankruptcy on May 11, 1973, which discharge includes Langston's judgment and that because Langston's judgment was discharged the seizure under writ of fi fa was nullified.
The seizing creditor, Langston, filed an exception of no cause or right of action to the motion for summary judgment of dismissal, which exception was overruled and a summary judgment of dismissal was granted dismissing and rejecting the seizure by Langston of Pounds' interest in this law suit. From this judgment Langston has appealed.
It appears that there are two primary issues presented to us in this appeal:
1. Whether Langston's seizure of the rights and credits of Pounds in this suit was done according to law, and
2. If the seizure was effective, whether the discharge of Langston's judgment in bankruptcy also has the effect of nullifying its seizure of Pounds' interest in this law suit.
Appellee urges that the seizure was not properly executed because the judgment which Langston has against Pounds is that of another Louisiana Court and it was not made executory in the Parish of Tangipahoa.
The comments under C.C.P. Art. 2781 make it clear that there are two instances where it is absolutely necessary to make the judgment of another court executory: (1) In garnishment proceedings under the writ of fieri facias, where the garnishee is domiciled in another parish, Art. 2416, and (2) In the examination of a judgment debtor domiciled in a parish other than the one in which the judgment was rendered, Art. 2452. The proceedings instituted by Langston are obviously not the examination of a judgment debtor. Langston has not filed a petition for garnishment but has simply under a writ of fi fa directed *136 the sheriff of Tangipahoa Parish to seize Pounds' rights in the pending law suit as contemplated by R.S. 13:3864 et seq. R.S. 13:3865 specifically states that the effect thereof shall be to give such seizing creditor a lien or preference on whatever is realized by his debtor out of the suit. The language of Safford v. Maxwell, 23 La. Ann. 345 (1871) supports our belief that the action taken by Langston was simply a seizure for the purpose of a lien and not a garnishment:
"There is no reason why a suit may not be seized as well as a judgment under a writ of fieri facias, both being incorporeal rights; and we see no reason why the transfer may not as well be made at forced sale as at a conventional sale. We see no reason to compel a judgment creditor to resort to the delay of the garnishment process in order to ascertain a credit belonging to his debtor, when evidence of that incorporeal right appears on the public records in the form of a judgment or suit. The object of the garnishment process provided by the act of the twentieth of March, 1839, was to enable a judgment creditor to reach the property, rights or credits of his debtor in the hands of third parties, the extent of which might be ascertained by the answers of the garnishee."
The comment under C.C.P. Art. 2417 prior to its amendment in 1961 also indicates that Langston properly seized Pounds, interest in the lawsuit even though it did not make the judgment of the other court executory. We quote that comment here:
"Where judgment is rendered in one parish and a writ of fieri facias issues to another parish, the clerk simply sends the writ to the sheriff of the parish where it is to be executed. See Art. 2253, supra. No pleadings need be filed in the parish where the execution is to take place. However, if there is to be a garnishment in a parish other than where the main action was brought, then the petition for garnishment will have to be filed in that parish, although no prior pleadings have been filed there. See Art. 2782, infra, and comments thereunder."
We now must answer the second issue presented to us and that is whether the discharge of Langston's judgment in bankruptcy nullified the preference which was acquired over Pounds' interest in this suit. There is no question according to the language of C.C.P. Art. 2292 and the first sentence of R.S. 13:3865, that the seizing creditor by the mere act of seizure, acquires a privilege on the property seized which entitles him to a preference over ordinary creditors. Furthermore, a right of the bankrupt having been disclaimed and abandoned by the trustee in bankruptcy remains under seizure to the seizing creditor who has acquired a privilege on the property. See Excel Finance Camp, Inc. v. Tannerhill, 140 So.2d 202 (La.App. 4th Cir. 1962) and Excel Finance Mid City, Inc. v. Williams, 205 So.2d 846 (La.App. 4th Cir. 1968). Counsel for Pounds would distinguish these cases from the instant case in that each of them dealt with a mortgage whereas in the case before us we are dealing with a privilege. We do not believe this to be a valid distinction in light of C. C. Art. 3184 which says, "Lawful causes of preference are privilege and mortgages." Therefore, we see no reason for making any distinction between the privilege in the instant case and the mortgages in the two Excel Finance cases. Even though the discharge in bankruptcy discharges the bankrupt from his debts, the creditor with a preference over a matter disclaimed and abandoned by the trustee in bankruptcy retains his preference over the rights of the bankrupt.
Pounds argues that the case In re: Anderson, 345 F.Supp. 840 (D.C.1972) holds that a personal injury case which has not been reduced to a judgment and which was pending at the time of bankruptcy was not then or afterwards the subject of execution, *137 garnishment or other judicial process. It is our opinion that the holding of the Anderson case is that in Tennessee a claim for personal injury is not subject to seizure. However, in Louisiana it is obvious that a claim for personal injury is subject to seizure under R.S. 13:3864 et seq. and the case of Johnson v. Best Manufacturing Co., Inc., 263 So.2d 436 (La.App. 1st Cir. 1972). The seizure creates a preference in favor of the seizing creditor. It is our opinion that this preference is analogous to a mortgage and that the result should be the same as the result of the two Excel Finance cases cited above.
For the above and foregoing reasons, the judgment of the Lower Court overruling Langston's exception of no cause or right of action and granting Pounds' motion for summary judgment for dismissal of the seizure of Pounds' interest in this law suit is hereby reversed, and the seizure by Langston of Pounds' interest in this suit is maintained, the costs of this appeal to be paid by Pounds.
Reversed and remanded.