In re James Wathen PREJEAN, Debtor.

James Wathen PREJEAN, Plaintiff,

v.

H. Kent AGUILLARD, Trustee, and American Bank and Trust of Lafayette, Defendants.

Bankruptcy No. 485–01210–LO–7.
Adv. No. 485–0237.

United States Bankruptcy Court,
W.D. Louisiana.

May 21, 1986.

Mark B. Oliver, Lafayette, La., for James Wathen Prejean.

Wm. J. Friedman, Jr. and James R. Leonard, Lafayette, La., for American Bank.

H. Kent Aguillard, Eunice, La., trustee.

## MEMORANDUM OPINION

RODNEY BERNARD, JR. Bankruptcy Judge.

This matter is before the court on a complaint for declaratory relief filed by the debtor herein. There being no dispute as to the factual matters in this case, the parties agreed to its submission on stipulations and memoranda. Upon consideration of all the facts and arguments of counsel, the following shall constitute the findings and conclusions of the court.

## Facts

This controversy arises out of a spend-thrift trust [trust] created by one John E. Prejean. The debtor herein is one of the income beneficiaries of that trust. Neither the trustee in bankruptcy nor the bank challenge the "spendthrift" character-ization of the trust. The dispute concerns the income from that trust, both pre- and post-petition. On July 22, 1985, the bank filed a garnishment action against the debt-or's income from the trust. (This action was taken by the bank as a creditor of the debtor, although the bank is also the trust-ee of the spendthrift trust. The propriety of that action has not been put in issue here.) At the time that garnishment was filed, La. R.S. 9:2004, regarding seizure of income from a spendthrift trust, provided that $10,000.00 per year of such income was exempt from seizure. The bank there-fore, seized approximately $1,700.00, which was the excess over $10,000.00 generated by the trust. The Louisiana legislature, however, complicated matters by amending 9:2004 to provide for a $20,000.00 per year exemption for income from a spendthrift trust. The petition in this bankruptcy pro-ceeding was filed on September 27, 1985. The debtor seeks a declaration as to the following:

1) That the garnishment filed by the bank is subject to the automatic stay and must therefore be dismissed.

2) Post-petition income up to $20,000.00 is exempt.

3) Pre-petition income after September 6, 1985, and up to $20,000.00, is exempt.

4) Pre-petition income prior to September 6, 1985, and over $10,000.00 is not exempt.

5) That the income referred to in number 4 above constituted a preferential transfer to the bank, and since no effort to recover the same has been made by the trustee, it may be recov-ered by the debtor.

## Conclusions

### I.

■ First, it is clear that the garnish-ment filed by the bank is stayed pursuant to section 362(a) of the Bankruptcy Code (11 U.S.C. §§ 101 et. seq.) Section 362(a) stays the commencement or continuation of any action to recover a pre-petition claim against the debtor or his property. The bank cannot proceed with such an action without risking a contempt citation.

### II.

The bank takes the position that it had a "vested" right in the trust income over $10,000.00 by reason of its garnishment proceeding. The bank argues, therefore, that the Louisiana legislature cannot im-pair that right retroactively.

■ The first problem with the bank's contention concerns the assertion of a "vested" interest. The bank merely as-serts that it has a vested interest. The bank has offered no statutory nor jurispru-dential basis for that assertion, nor does this court know of any authority holding that a garnishment vests any interest, or is the equivalent of, for example, a lien. The bank's reliance on *Pounds v. Chicago In-surance Co.* 298 So.2d 134 (La.App. 1st Cir.1974) is misplaced. The *Pounds* court dealt with the well-recognized principle that a lien on property is not discharged in bankruptcy. In this case, however, the bank has neither alleged nor proven that a garnishment is the equivalent of a lien. In fact, the bank's own argument contradicts its claim to a vested interest. The bank argues that when the petition in bankrupt-cy was filed, the trustee succeeded to this vested interest. If the garnishment was truly a vested right such as to implicate the Contracts Clause, that right would remain in the bank. It would not be passed on to the trustee. Again, the example of a lien is inapposite: a properly perfected lien is good against the trustee in bankruptcy and survives the discharge.

■ In addition, the legislature's ac-tion as it affects this case was not made retroactive. The amendment affected only future income. The bank's right to seize any income at all from the spendthrift trust

is created and controlled by statute. The legislature may modify these provisions as it sees fit. The bank is therefore entitled to those amounts in excess of $10,000.00 which were seized prior to September 6. Those amounts seized after September 6 are exempt, and are therefore property of the debtor.

### III.

 As mentioned above, there is no dispute in this case as to the spendthrift quality of this trust. Section 541(c)(2) of the Bankruptcy Code provides that restrictions on a trust that are effective under applicable non-bankruptcy law will be given the same effect under the Bankruptcy Code. The reference to applicable non-bankruptcy law demonstrates that Congress intended to exempt traditional spendthrift trusts. *Goff v. Taylor* (In re Taylor) 706 F.2d 574 (5th Cir.1983). The trustee in bankruptcy has a right to only so much of the beneficial interest in the trust as would an ordinary creditor outside the bankruptcy. In this case, therefore, the trustee is entitled to only that portion of the income from the trust that exceeds $20,000.00 per year.

### IV.

The debtor herein asserts a claim to the proceeds of the bank's garnishment which were seized within ninety (90) days prior to the bankruptcy, basing that claim on the preference provisions of the Code and Section 522(h). Section 522(h) states that a debtor may avoid such a transfer if the property may be claimed as exempt and the trustee does not attempt to avoid the transfer. The trustee also asserts a right to that alleged preference. The debtor's claim fails not only because the trustee also claims these funds, but because he has failed to show that the transferred property is exempt. In fact, the debtor concedes that the amounts over $10,000.00 which were garnished prior to September 6 were not exempt under La.R.S. 9:2004. Thus, the debtor is not entitled to those funds. While the trustee may be entitled to recover those funds pursuant to the preference

provisions of the Code, he has neither alleged nor proven the elements of that cause of action. The court, therefore, is not in a position to rule on that issue.

### Conclusion

First, the bank's garnishment proceeding is stayed by section 362 of the Code. As to the pre-petition funds in excess of $10,-000.00 which were garnished prior to September 6, the bank may retain such funds, subject to possible avoidance by the trustee as preferential transfers. Those funds garnished after September 6 are exempt, and are property of the debtor. Any postpetition income up to $20,000.00 per year is also exempt pursuant to La.R.S. 9:2004. The trustee may seize only that income in excess of $20,000.00. A judgment consistent with this opinion will be signed upon submission.