**TOUPS MARINE TRANSPORT, INC.**

v.

**The ZURICH INSURANCE COMPANY.**

Civ. A. No. 85–2246.

United States District Court,
E.D. Louisiana,
Section "A" Division.

June 16, 1986.

Eldon T. Harvey III, Metairie, La., for Toups Marine.

David L. Colvin, Gretna, La., for Southern Ocean.

Salvadore V. Spalitta, Adams & Reese, New Orleans, La., for Equilease.

Roger I. Dallam and David Pick, Greenberg & Dallam, Gretna, La., for Charles E. Sparh Distributor, Inc.

Hal C. Welch, Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, La., for defendant.

### ORDER AND REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court on the motion of Equilease Corporation for summary judgment. There being no disputed issues of fact, the parties having stipulated to all pertinent facts for the purpose of this motion, the motion for summary judgment is GRANTED.

### FACTS

At this juncture, the plaintiffs herein, Toups Marine Transport, Inc. and Nancy Toups Towing, Inc., and intervenors, Equilease Corporation and Southern Ocean Corporation, have settled with defendant Zurich Insurance Company. Pursuant to that settlement agreement, defendant deposited $215,000.00 into the registry of the Court,

$8,683.20 of which was released to plaintiffs' attorney and Maritime Surveyors, Inc. The question before the Court, consequently, is how to distribute the remaining $206,316.80.

The parties have stipulated to the following facts for the purpose of this motion. Nancy Toups Towing, Inc. (hereinafter "Toups") executed a promissory note in the principal sum of $506,100.00 payable to Rogers P. and Louis L. Toups. Said promissory note was secured by a preferred ship mortgage on the vessel NANCY TOUPS. The mortgage was recorded with the U.S. Coast Guard on March 25, 1982 at 11:55 a.m. in book number PM–140, instrument number 150. Rogers P. and Louis L. Toups assigned the aforementioned preferred ship mortgage to Equilease Corporation (hereinafter "Equilease"). The assignment of the mortgage was recorded with the U.S. Coast Guard on March 25, 1982 at 12:05 p.m. in book number PM–140, instrument number 151. Equilease, the mortgagee, is now the holder of the above mentioned promissory note and preferred ship mortgage. As of March 1986, the account balance on said note and mortgage is $347,888.26.

Under the terms and conditions of the preferred ship mortgage, Toups was required to provide insurance for the benefit of Equilease. On May 15, 1984, a policy of insurance, policy number JHP–4448, was issued by Zurich Insurance Company on the vessel NANCY TOUPS. The policy lists Toups Marine Transport, Inc. as the assured. The "SPECIAL CONDITIONS" portion of the policy names Nancy Toups Towing, Inc. and Equilease Corporation as loss payees for the NANCY TOUPS. Neither Southern Ocean Corporation nor Charles E. Spahr Distributors, Inc. are named loss payees in the policy.

Charles E. Spahr, Inc. is the owner of a final, binding and definitive judgment of the Twenty-Fourth Judicial Court for the Parish of Jefferson in a matter entitled "Charles E. Spahr Distributor, Inc. vs. Toups Marine Transport, Inc." Said judgment was rendered on June 26, 1985. The judgment provides for recovery of $44,921.21 in principal and a total of principal, interest, attorneys fees and court costs of $64,468.15 plus a sheriff's commission of $3,849.79. Accordingly, the total amount provided for by this judgment is $68,317.94.

Charles E. Spahr Distributor, Inc. (hereinafter "Spahr") has seized the right, title and interest of Toups Marine Transport, Inc. in this litigation pursuant to a writ of *fieri facias.*

## DISTRIBUTION OF THE INSURANCE PROCEEDS

Because none of the parties have perfected their *in rem* claims against the vessel NANCY TOUPS, we are not presented with a question of the ranking of maritime liens or creditors.[1] Accordingly, we are presented with the question of the distribution of the insurance proceeds only. At this juncture, there are only two claimants to the proceeds in question, Southern Ocean having stipulated that it has no claim to the proceeds. The first is the mortgagee, Equilease; the second is the judgment creditor of plaintiff Toups Marine Transport, Inc., Spahr.

Equilease is named as a loss payee in the "SPECIAL CONDITIONS" portion of the insurance policy in question here. Where a mortgagor takes out insurance for the benefit of the mortgagee,[2] the proceeds of any insurance payment go first to the mortgagee and, then, the excess, if any, is paid to the mortgagor. *Durbin v. Allstate Insurance Co.,* 267 So.2d 779, 781 (La.App. 2d Cir.1972); *see Adams v. Allen,* 19 So.2d 578 (La.App. 1st Cir.1944); *cf. Rushing v. Dairyland Insurance Co.,* 456 So.2d 599 (La.1984). Accordingly, in the ordinary course of things, Equilease would take the

---

1. Apparently, the vessel is in the possession of Southern Ocean Corporation, the salvor. Although the parties have indicated that they intend to perfect their maritime liens in another action, they have not done so to date.

2. This arrangement, where a mortgagor takes out insurance for the benefit of the mortgagee, is a customary one.

insurance proceeds in preference to the mortgagor, Toups Marine Transport, Inc. and Spahr, as a seizing creditor of Toups Marine Transport, Inc.

However, Spahr contends that it is entitled to a preferential position with regard to the settlement funds because although Equilease is named as a loss payee on this policy, it is so named under what is known as an "open" or "simple" mortgage loss payee clause rather than the "standard" or "union" mortgage clause.[3] Because it is clear that the policy in question has an open clause,[4] the resolution of the narrow question of the implications of an open mortgage clause on the mortgagee when the mortgagor has incurred collateral debts will determine the distribution of the proceeds in this case.

Under Louisiana law,[5] where a mortgagor takes out insurance to pay the mortgagee as its interest may appear, the proceeds are paid first to the mortgagee and the excess is then for the benefit of the mortgagor. *Durbin v. Allstate Insurance, supra; see Adams v. Allen, supra.* Therefore, the mortgagee is the conditional appointee of the mortgagor. *Eicher-Woodland Co. v. Buffalo Insurance Co. of New York,* 198 La. 38, 3 So.2d 268, 272 (1941). However, it is the mortgagor who controls the policy. *Id.* Indeed, the major distinction between a simple and a union or standard mortgage clause is that the acts of the mortgagor-insured can prejudice the mortgagee under a simple or open policy. *Howard Griffin, Inc. v. Progressive Casu-*

*alty Insurance Co.,* 409 So.2d 1262 (La. App. 2d Cir.1982); *Whitney National Bank v. State Farm Insurance Co.,* 518 F.Supp. 359, 360–61 & fn. 2 (E.D.La.1981); *see Reserve Insurance Co. v. Aguilera,* 181 Neb. 605, 150 N.W.2d 114 (1967) (discussing how as appointee of mortgagor-insured, mortgagee cannot collect when mortgagor cannot collect). Nevertheless, a review of the cases indicates that Spahr's reading of this concept of "prejudice" is too broad. *See May v. Market Insurance Co., supra,* at 1083 (acts of mortgagor can defeat the mortgagee's right to proceeds, but the Court makes no mention of preference in collection where entitlement is not in question). Both leading treatises on insurance indicate, by implication, that the concept of the mortgagor's acts operating to the prejudice of the mortgagee contemplates acts going to the *validity* of the policy or to the right of the either mortgagee or mortgagor to collect on the policy in the first instance. *Couch on Insurance, 2d* § 42:719 at 755 (1963); 5A Appleman, *Insurance Law and Practices* §§ 3401 at 293 & 3405 at 282 (1970); *see, also, Couch, supra,* § 42:737 at 772–73. This is borne ·out by the fact that the cases usually deal with items going to defeat the obligation of the insurer to pay on the policy, to wit: non-payment of premiums, *see, Ft. Hill Federal Savings & Loan v. So. Carolina Farm Bureau,* 281 S.C. 532, 316 S.E.2d 684 (S.C.App.1984); *Planter's Mutual Insurance v. Southern Savings Fund,* 68 Ark. 8, 56 S.W. 443 (1900), mortgagor arson, *see,*

---

**3.** Mortgage clauses fall into two forms, the open or simple mortgage clause and the standard or union mortgage clause. The simple mortgage clause merely provides in effect that the proceeds of the policy shall be paid first to the mortgagee as his interest may appear; but the so called standard or union mortgage clause is somewhat more specific in that it also provides that the mortgagee shall be protected against any act or neglect of the mortgagor ..., so that it shall not defeat the insurance as far as the mortgagee is concerned.... *May v. Market Insurance Co.,* 387 So.2d 1081, 1083 (La.1980).

**4.** The "SPECIAL CONDITIONS" section, as to the NANCY TOUPS, reads "Nancy Toups Towing, Icn. [sic] & Equilease Corp." As can be

plainly seen, it lacks the requisite specific language necessary for a "standard" or "union" clause.

This conclusion is bolstered by the fact that the policy provides in part if "[a] Claim is made under this Policy by anyone other than the Owner of the Vessel, such person shall not be entitled to recover to a greater extent than would the Owner had [a] claim been made by the Owner as an Assured named in this policy." Equilease Exhibit "D" at p. 2.

**5.** There is no doubt that the interpretation of the instant marine insurance provisions is governed by Louisiana law. *Seafirst Commercial Corporation v. U.S. Fidelity and Guaranty Co.,* 780 F.2d 1290 (5th Cir.1986).

*e.g., Whitney National Bank v. State Farm Insurance Co., supra,* and mortgagor settlement of a claim to the prejudice of the insurer, *see, e.g., Howard Griffin, Inc. v. Progressive Casualty Insurance Co., supra; Washington v. Dairy Insurance Co.,* 240 So.2d 562 (La.App. 4th Cir. 1970), rather than the relative preference of mortgagor and mortgagee to the proceeds.

Here, Toups Marine Transport, Inc., the assured, has, by its act of taking out insurance for the benefit of the mortgagee, made what is essentially an agreement as to the distribution of the proceeds. *See* 5A, Appleman, *supra,* §§ 3205 at 311 & 3401 at 282. Under Louisiana law, a seizing creditor, under a writ of *fieri facias,* is entitled to preference on "whatever is *realized* by his debtor out of the suit." *Pounds v. Chicago Insurance Co.,* 298 So.2d 134, 136 (La.App. 1st Cir.1974) (citing L.S.A.–R.S. 13:3864) [emphasis added]. Accordingly, here, the seizing creditor is entitled to all of the right of Toups Marine Transport, Inc., but because Toups Marine Transport, Inc. has agreed to the distribution of all proceeds to Equilease in preference to itself, *see Durbin v. Allstate Insurance Co., supra,* the only amounts which could be realized by Toups Marine Transport, Inc. and, consequently, Spahr are those which are in excess of Equilease's remaining mortgage debt. *Cf. Weinreb v. M & S Bagels, Inc.,* 23 A.D.2d 884, 260 N.Y.S.2d 590 (affirming 44 Misc.2d 537, 254 N.Y.S.2d 158) (finding mortgagee entitled to proceeds ahead of judgment creditor).

Having found Equilease to be entitled to have all proceeds of the insurance paid first to them, as mortgagee, and that Spahr is only entitled to any excess, we note that the account balance on the mortgage held by Equilease is roughly $347,888.26. Because there are only $206,316.80 plus a small amount of interest in the registry of the Court, there is no excess for distribution to Spahr. Accordingly, all proceeds must be distributed to Equilease.

In light of the foregoing, the Clerk of Court is directed to enter judgment award-ing the $206,316.80, plus accumulated interest, in the registry of the Court to Equilease.

